# UNITED STATES v. STAFOFF, ALIAS ELIOFF.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

# BROOKS v. UNITED STATES.

CERTIFICATE· FROM THE CIRCUIT COURT OF APPEALS FOR .THE NINTH CIRCUIT.

# UNITED STATES v. REMUS ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Nos. 26, 197, 403. Argued November 29, 1922.—Decided January 2, 1923.

1. An act of Congress can not make past conduct criminal by purporting to construe a former act as having been in force at a time when this Court has held it was repealed. P. 480.·

2. As applied to criminal prosecutions, (1) for carrying on·the business of rectifier, wholesaler or retailer of liquor for beverage purposes, without having paid the special tax therefor, (2) for keeping a still for production of such spirits " for beverage and commercial purposes " without having registered it with ·the Collector of Internal Revenue, (3) for carrying on the business of a distiller of spirits for beverage purposes without having given bond, and, (4) for making a mash for production of such spirits, in an unauthorized distillery, and separation of spirits therefrom,—Rev. Stats. §§ 3242, 3258, 3281 and 3283, respectively,. were repealed by the National· Prohibition Act. P. 479. _United States v. Yuginovich_, 256 U. S. 450.

3. These laws, however, were revived by the Supplementary Prohibition ·Act of November 23, 1921, c. 134, § 5, 42 Stat. 223; as to conduct subsequent to its enactment. P. 480.

4. Congress may tax what it also forbids. P. 480.

5. A conviction upon an indictment based upon Rev: Stats. §§ 3258, 3281 and 3282, repealed, can not be sustained under the National Prohibition Act· by spelling out acts violative of that statute from the indictment. P. 481.

· 268 Fed. 417, (No. 26) affirmed.

283 Fed. 685, (No. 403) affirmed in part and reversed in part.

THE first and third of these cases came on writs of error sued out by the United States to review judgments of District Courts sustaining demurrers to counts of indictments based on sections of the Revised Statutes relating to internal revenue. The second arose upon questions certified by the Circuit Court of Appeals in a similar case in which the defendant, Brooks, had been convicted.

·Mrs. Mabel Walker Willebrandt, Assistant Attorney General, with whom Mr. Solicitor General Beck and Mr. Howard T. Jones were on the brief, for the United States.

Mr. Samuel Herrick, with whom Mr. George L. Taylor was on the brief, for Brooks.

Mr. Elijah N. Zoline for defendants in error in No. 403.

No appearance for defendant in error in No. 26.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In the first of these cases Stafoff was indicted with another for having had in their possession a still intended for the production of distilled spirits for beverage and commercial purposes, without having registered it with the Collector of Internal Revenue, as required by Rev. Stats. § 3258; and in a second count for having unlawfully manufactured on premises other than an authorized distillery a mash fit for the production of distilled spirits, to wit, whiskey, contrary to Rev. Stats. § 3282. A demurrer to these counts was sustained, 268 Fed. 417, and the United States brings the case here under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246.

The case of Brooks comes here on a certificate from the Circuit Court of Appeals for the Ninth Circuit. Brooks was convicted under the above mentioned §§ 3258 and 3282, and also under Rev. Stats. § 3281 for having

carried on the business of a distiller without having given bond as required by law. The third and fourth counts under § 3282 respectively charged the making of a mash as above and the separating by distillation of alcoholic spirits from a fermented mash. The questions certified are whether the three sections mentioned are repealed by the National Prohibition Act of October 28, 1919, c. 85, 41 Stat. 305; and whether if they are repealed the cause should. be remanded with directions to enter judgment and impose sentence under the last named act.

In the third case Remus and his associates were charged in six counts with having carried on the business of a wholesale liquor dealer, that of a retail liquor dealer, and that of a rectifier, without having paid the special tax as required by law. Rev. Stats. § 3242. A demurrer to these counts was sustained. 283 Fed. 685. The United States took a writ of error under the Criminal Appeals Act.

In *United States* v. *Yuginovich,* 256 U. S. 450, it was decided that §§ 3281 and 3282 were repealed by the later law, at least as to the production of. liquor for beverage purposes. Since that decision and with reference to it, as appears from the House Report, No. 224, 67th Cong., 1st sess., and the debates, 61 Cong. Rec., Part 3, pp. 3095, 3096, the Act Supplemental to the National Prohibition Act was passed. Act of November 23, 1921, c. 134, § 5, 42 Stat. 222, 223. By § 5 of this statute "all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act." (But if an act violates both the former and the latter a conviction under one is a bar to prosecution under the

other.)   This section is not declaratory even in form.   It does not purport to construe the National Prohibition Act as leaving in force what this Court has declared to have been repealed.   It could not in this way give a retrospective criminality to acts that were done before it was passed and that were not criminal except for the statutes held to have been repealed.   *Ogden* v. *Black-ledge,* 2 Cranch, 272, 277.   *Koshkonong* v. *Burton,* 104 U. S. 668.   Of course a statute purporting to declare the intent of an earlier one might be of great weight in assisting a Court when in doubt, although not entitled to control judicial action.   But that is not this case.   The decision in *United States* v. *Yuginovich* must stand for the law before November 23, 1921.   In that case, besides what we have mentioned, it was held also that the penalty imposed by Rev. Stats. § 3257 on a distiller for defrauding the United States of the tax on the spirits distilled by him was repealed.   So far as the liquor is for beverage purposes the same reasoning must apply to the penalty in § 3242 for carrying on the business of rectifier or wholesale or retail liquor dealer without having paid the special tax imposed by law.

But the Supplemental Act that we have quoted puts a new face upon later dealings.   From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms.   The form of words is not material when Congress manifests its will that certain rules shall govern henceforth.   *Swigart* v. *Baker,* 229 U. S. 187, 198.   Of course Congress may tax what it also forbids.   256 U. S. 462.   For offenses committed after the new law, *United States* v. *Yuginovich* can not be relied upon.   Three counts in the Remus case charge carrying on the business mentioned up to April 1, 1922, and therefore are governed in part by the Supplemental Act.   So far as the decision of the Court below neglected this dis-

tinction it was wrong. The decision in Stafoff's case dealt with conduct before the date of the Supplemental Act and was right. The keeping of a still to make liquor for beverage purposes contrary to § 3258 is within the principle of the *Yuginovich Case,* and the addition of the words " and commercial " to the statement of the purposes does not seem to us enough to take it out. The reference to this section in Title III, § 9, of the Prohibition Act may have been inserted simply for greater caution. It is one of the several considerations tending to a different conclusion in *United States* v. *Yuginovich,* but as they did not prevail then they cannot prevail now.

There remain the questions certified in *Brooks* v. *United States.* They are somewhat broader than we indicated in our summary statement, as they include the Revenue Laws generally as well as the §§ 3258, 3281 and 3282. The general question manifestly is too broad to require an answer. From the summary given of the indictment we infer that what we have said is sufficient with regard to the sections named. The fourth question, whether, in view of what we have decided, the case should be remanded for judgment and sentence under the National Prohibition Act, must be answered, No. The indictment plainly purported to be drawn under the old law and it would be unjust to treat the conviction as covering an offense under a law of fundamentally different policy if facts could be spelled out that might fall within the latter, although alleged with no thought of it or any suggestion to the accused that he must be prepared to defend against the different charge.

*No. 26. Judgment affirmed.*

*No. 403. Judgment on counts 2, 4 and 6 affirmed. Judgment on counts 3, 5 and 7 reversed.*

*No. 197. Questions 1, 2 and 3, as limited above answered, Yes. Question 4 answered, No.*