## UNITED STATES v. TWO AUTOMOBILES AND FIVE CASES OF WHISKY.

(District Court, S. D. California, S. D. November 21, 1924.)

No. 1866.

**I. Customs duties** ⬡130—**United States could condemn automobiles and whisky smuggled into country, though seized by customs officer after seizure by sheriff.**

The United States could condemn whisky smuggled into United States without payment of duties imposed by Tariff Act 1922, and without lawful permit, and automobiles containing it, though customs officer seized automobiles and whisky after seizure thereof by sheriff.

**2. Customs duties** ⬡130—**Automobiles and whisky smuggled into country could be condemned, though first seized under National Prohibition Law.**

United States could condemn automobiles and whisky smuggled into country without payment of duties imposed by Tariff Act 1922, though first seized under National Prohibition Law.

**3. Customs duties** ⬡130—**Automobiles, and liquor smuggled into country, can be condemned, notwithstanding prohibition of importation of liquor.**

Automobiles, and whisky smuggled into the country without payment of duties imposed by Tariff Act 1922, could be condemned by the United States, notwithstanding Eighteenth Amendment and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.),

prohibiting importation of intoxicating liquor, in view of provision of such Tariff Act defining merchandise to include "merchandise, the importation of which is prohibited."

**4. Customs duties ⬉⟿22 — Intoxicating liquor for beverage purposes dutiable.**

Under Tariff Act September, 1922, defining "merchandise" to include "merchandise, the importation of which is prohibited," intoxicating liquor for beverage purposes is dutiable, notwithstanding Eighteenth Amendment and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), prohibiting importation of the liquor.

Libel by the United States to condemn two automobiles and five cases of whisky, in which exceptions were filed by certain claimants. Exceptions overruled.

Joseph C. Burke, U. S. Atty., and J. E. Simpson, Asst. U. S. Atty., both of Los Angeles, Cal.

David R. Faries and Alfred T. Hutchins, both of Los Angeles, Cal., for respondent.

JAMES, District Judge. The United States is proceeding by libel to condemn the two automobiles and five cases of whisky mentioned in the title. The allegations of the libel, in brief, are that about the 18th day of July, 1924, the sheriff of the county of Santa Barbara, in California, seized the two automobiles, each of which contained about 16 cases of merchandise which, it is alleged, had been smuggled into the United States without the payment of duties imposed by the Tariff Act of 1922 (42 Stat. 858), and without lawful permit; that the loading of the merchandise on the vehicles was for the purpose of removing the same to points within the United States for sale, and with the intent to avoid the payment of duties; that the merchandise consisted of 36 cases of whisky, one-half of which was deposited and concealed in each of the automobiles; that on about the 22d day of September, 1924, a duly authorized and acting inspector of the collector of customs seized the two automobiles, which had theretofore been taken by the sheriff aforesaid; and that, at the time of said seizure by the said inspector, one of the automobiles, which is more particularly described in the libel, contained 5 cases of whisky, which were a part of the 16 cases found in the vehicles at the time of the seizure by the sheriff.

Exceptions to the libel were filed by Martin and Wood, who appear, claiming an interest in the vehicles mentioned. Several contentions were advanced at the argument on the exceptions. It was urged: (1) That the customs officer could not legally seize

the automobiles, where it appeared that he took them from the hands of a person not connected with the federal government; (2) that, the first seizure being made under the authority of the National Prohibition Law, the provisions of that law, as they relate to the taking of vehicles used in the transportation of liquor, are exclusive over the customs laws; (3) that, as the importation of intoxicating liquor is prohibited by the Eighteenth Amendment and the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), such merchandise cannot be made the subject of duties, with the power to forfeit vehicles used in the transportation thereof.

[1] It was held, and the law in that regard seems not to have been differently established, that a private person might make a seizure of goods brought into the country contrary to the provisions of the customs laws, and that the government could take such merchandise out of the hands of such individual, adopting the seizure so first made, and proceed to effect a forfeiture. Gelston v. Hoyt, 16 U. S. (3 Wheat.) 246, at page 311 (4 L. Ed. 381), affirms this rule; the court saying further that: "The forfeiture must be deemed to attach at the moment of the commission of the offense, and, consequently, from that moment, the title of the plaintiff would be completely divested, so that he could maintain no action for the subsequent seizure." See, also, Taylor v. U. S., 44 U. S. (3 How.) 197, 11 L. Ed. 559.

[2, 3] On the second point, the case of United States v. One Cadillac Automobile (D. C.) 292 F. 773, held that the automobile, although seized upon the ground that the National Prohibition Law had been violated, could be proceeded against by libel under section 3450, R. S. (Comp. St. § 6352). And in a case decided by the Circuit Court of Appeals of the Fifth Circuit, Bruno v. U. S., 289 F. 649, the court held against the contention that since the enactment of the National Prohibition Act intoxicating liquor for beverage purposes was not dutiable under the customs laws, and the court reached that conclusion notwithstanding that the definition of the word "merchandise," as used in the customs laws in force at that time, read as follows: "The word 'merchandise,' as used in this title, may include goods, wares, and chattels of every description capable of being imported;" it being said in the opinion that "this provision, as construed by the federal courts since the enactment of the Federal Prohibi-

tion Act, has been held to embrace intoxicating liquors, even though their importation is prohibited." There should be cited under this head also U. S. v. Santini (C. C. A.) 279 F. 534; U. S. v. Bengochea (C. C. A.) 279 F. 537.

[4] It should be noted that the Tariff Act of September, 1922,[1] contains an amended definition of the word "merchandise," and that the definition now reads: "The word 'merchandise' means goods, wares, and chattels of every description *and includes merchandise the importation of which is prohibited.*" So that the later definition, in its plain meaning, makes intoxicating liquor for beverage purposes dutiable.

The cases cited above from the Federal Reporter but echo the holding made by the Supreme Court of the United States in U. S. v. Yuginovich, 256 U. S. 450, at page 462, 41 S. Ct. 551, 553 (65 L. Ed. 1043); U. S. v. Stafoff, 260 U. S. 477, at page 480, 43 S. Ct. 197, 199 (67 L. Ed. 358). In the opinion in the first case the court used this language: "That Congress may under the broad authority of the taxing power tax intoxicating liquors, notwithstanding their production is prohibited and punished, we have no question." In the case last named, an epitome of the court's holding is expressed in the opinion thus: "Of course, Congress may tax what it also forbids."

The exceptions to the libel are overruled. Claimants are allowed an exception to the ruling, and are allowed five days within which to further answer, after notice hereof, if they are so advised.

---

[1] Comp. St. Ann. Supp. 1923, § 5841d.