## NATIONAL BOND & INVESTMENT CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. November 11, 1925.)

No. 3550.

1. **Internal revenue ⬧⟹2—Statute as to forfeiture of conveyance used to defraud government of tax in force as to intoxicating liquors.**

Since passage of Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138½aaa et seq.), supplemental to National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), Rev. St. § 3450 (Comp. St. § 6352), as to forfeiture of conveyance used in removal or for deposit or concealment of commodity to defraud United States of tax, is in force with respect to intoxicating liquors.

2. **Internal revenue ⬧⟹46—Automobile, sought to be forfeited, not shown to have been used to defraud United States of customs duty on smuggled whisky.**

Automobile, sought to be forfeited under Rev. St. § 3450 (Comp. St. § 6352), held not shown to have been used with intent to defraud United States out of customs duty on liquor smuggled from Canada by showing that liquor had been brought to the United States some time subsequent to the passage of the Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and in August, 1924, was being transported in the machine at Paris, Ill.

In Error to the District Court of the United States for the Eastern District of Illinois.

Libel by the United States to forfeit one Ford coupé automobile, bearing engine number 8957996, with the National Bond & Investment Company as intervener. Judgment of forfeiture, and intervener brings error. Reversed.

John W. Creckmur, of Chicago, Ill., for plaintiff in error.

Lawrence T. Allen, of Danville, Ill., for defendant in error.

Before ALSCHULER, PAGE and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. On or about August 22, 1924, one Ira V. Hunt was arrested in the city of Paris in the Eastern District of Illinois while engaged in the transportation of intoxicating liquor, and the Ford coupé in which it was being transported was seized. Upon information filed in the District Court Hunt pleaded guilty to possession and transportation of intoxicating liquor in violation of the National Prohibition Act (Comp St. Ann. Supp. 1923, § 10138½ et seq.). On September 26, 1924, the United States district attorney filed a libel in the District Court asking "condemnation, confiscation, and forfeiture" of the coupé "in accordance with the provisions of section 3450 of the Revised Statutes of the United States." Plaintiff in error intervened and set up a valid lien upon the coupé, and asked that it be protected as provided in section 26 of the Prohibition Act. The court, proceeding under section 3450 (Comp. St. § 6352), held that the validity of the lien and the good faith of the intervener could not be considered, and ordered the forfeiture of the coupé.

[1] Since the passage of the Act of November 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138½aaa et seq.), the act supplemental to the National Prohibition Act, and the decision of the Supreme Court in United States v. Stafoff, reported in 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, there is no room for contending that section 3450 has been repealed by the Prohibition Act. It is still the law, and may be enforced in a proper case. So far as necessary for its consideration here, this act provides: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, * * * and every vessel, boat, cart, carriage, or other conveyance whatsoever, * * * used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." Comp St. § 6352.

[2] Before a conveyance can be forfeited under this section it must be alleged and proved that it was used in the removal, deposit, or concealment, and that such removal, deposit, or concealment was with the intent to defraud the United States of a tax or some part thereof. The libel alleged that the coupé "had been used in transporting and removing a large quantity of intoxicating liquor on which the tax had not been paid; said intoxicating liquor having been manufactured in Canada, and having been smuggled into the United States without paying custom duty, with intent to then and there defraud the government of said tax." Thus the tax out of which the United States was to be defrauded was the custom duty that should have been paid when the goods were brought into the United States.

The libel does not allege that the coupé was used in bringing the liquor into the United States. The averment is "the said intoxicating liquor so contained in said Ford

coupé automobile aforesaid was transported in the city of Paris, Edgar county, state of Illinois, and within the jurisdiction of said court on or about the 22d day of August, 1924, and that said Ford coupé automobile and said liquor were seized while so being transported and removed at Paris"; that is, the removal is alleged to have taken place in Paris, Ill., and there is no averment of any connection between this removal and the bringing of the liquor from Canada.

But the facts are no stronger than the averments. The case was heard upon an agreed statement of facts, and no other evidence was introduced. Upon this phase of the case the agreed facts are: "That the Ford coupé automobile described in the petition and statement submitted by the National Bond & Investment Company was, on or about August 22, 1924, at the city of Paris, Edgar county, Ill., engaged in the transportation of intoxicating liquor, namely, whisky, and the said Ford coupé at the time and place aforesaid was used by one Ira V. Hunt, the said Ira V. Hunt was at the said time and place arrested by the city officials of Paris, Ill. Information was filed in the United States District Court against the said Ira V. Hunt, and subsequently he pleaded guilty to possession and transportation of intoxicating liquor in violation of the National Prohibition Act. That the intoxicating liquor seized at the time and place aforesaid, which was in the possession of said Ira V. Hunt in the aforesaid Ford coupé was intoxicating liquor manufactured in Canada, which had been brought to the United States, subsequent to the passage of the National Prohibition Act, without paying custom duty, and that no tax had been paid thereon, and that said liquor was being transported in said car by said Ira V. Hunt at the time and place aforesaid."

It does not appear from this that the coupé was used to bring the liquor into the United States, nor is there any evidence on the question of intent. There is no evidence whatever in the record upon which the court could have found that the coupé was used in bringing the liquor from Canada into the United States, and there is no evidence upon which to rest a finding that the use of the car shown by the agreed statement of facts was for the purpose and with the intent to defraud the United States out of the customs duty. The use shown was in Paris, Ill., on or about August 22, 1924. The liquor was brought in some time "subsequent to the passage of the Prohibition Act"; that

is, it was brought in some time within a period of about five years before the use shown. Just when it was brought in, or who brought it in, or what means were used in bringing it in, the evidence does not disclose. Intent cannot be shown without showing intent of the user in the use of the car. There is nothing in the evidence from which the necessary intent can be inferred. Intent to defraud the United States out of customs duties may be inferred when a conveyance is used to smuggle goods into the United States, but to warrant such inference it must be established that the conveyance was so used. Basis for the inference being wholly wanting, the inference cannot be drawn.

Judgment reversed.