GODSEY v. UNITED STATES (two cases).

SCHULTZ v. SAME (two cases).

(Circuit Court of Appeals, Sixth Circuit. March 10, 1927.)

Nos. 4675, 4681–4683.

1. Criminal law ⬤⇒603(7, 11)—Showing of diligence to secure witnesses and of testimony to be given held insufficient to justify continuance.

Where showing on motion for continuance did not make it appear that defendants exercised diligence to procure absent witnesses or that any of them would have testified to facts admissible in evidence, held insufficient to justify continuance.

2. Intoxicating liquors ⬤⇒235—Evidence that prohibition agents destroying still had protected and assisted others in violating law held inadmissible (National Prohibition Act [Comp. St. § 10138¼ et seq.]).

In prosecution for conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.) and offenses against Revenue Acts applicable to manufacture of spirituous liquor, evidence that prohibition agents who destroyed still had themselves protected and assisted others in violating the law held inadmissible, since, although defendant might show that still was placed on his property without his knowledge, he could not, in support of such defense, prove, under guise of motive, isolated acts of law violation by prohibition officers.

3. Criminal law ⬤⇒1209—Question of double punishment is not presented under indictments charging conspiracy to violate National Prohibition Law and offenses against Revenue Acts applicable to manufacture (Comp. St. § 10138¼ et seq.).

Question of double punishment is not presented under indictments charging conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.) and violation of Revenue Acts applicable to manufacturing spirituous liquor, since proof of acts constituting an offense under one indictment or count would not necessarily convict on any other.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Sam Godsey and Arnold Schultz were convicted of conspiracy to violate the National Prohibition Act, and of offenses against revenue acts applicable to the manufacture of

spirituous liquor, and they bring error. Affirmed.

H. W. Schoolfield and Frank S. Carden, both of Chattanooga, Tenn. (Shepherd & Carden, of Chattanooga, Tenn., on the brief), for plaintiffs in error.

Geo. C. Taylor, U. S. Atty., of Knoxville, Tenn.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

PER CURIAM. Plaintiffs in error, Godsey and Schultz, were tried and convicted under two indictments, one of which charged a conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.) and the other, in six separate counts, a like number of offenses against the Revenue Acts applicable to the manufacture of spirituous liquor. The indictments were the result of the discovery and destruction of an illicit still, with whisky, supplies, and equipment, all on the property of Godsey. Schultz admitted working at the still, but claimed that he was employed by a man named Williams, to whom Godsey had leased a small part of his land. Godsey's defense was that he knew nothing of the still, that it was placed on his property by prohibition officers to "frame" him because he had been active, through state officers, in causing raids to be made upon other law violators with whom the prohibition officers were financially interested.

[1] Several of the grounds urged by defendants in support of their insistence on reversals of the judgments are not presented in the record. Among them is the alleged error in refusing a continuance of the cases. The record does not show, in a way we may consider it, that a motion for a continuance was ever made; moreover, what appears on the motion for a new trial would not have justified a continuance, even if it had been presented before trial. On that showing it was not made to appear that defendants exercised any diligence to procure the absent witnesses or that any of them would have testified to facts admissible in evidence. Another is that the court erred in not directing verdicts of not guilty. There was no request for such a verdict on the trial, but, had there been, we would be required to hold that there was evidence—direct as to Schultz and circumstantial as to Godsey—to take the cases to the jury.

[2, 3] The objections to the rulings on the evidence relate mainly to the exclusion of the testimony of two witnesses, who were prepared to say that the prohibition agents who destroyed the still had themselves protected and assisted others in violating the law. This is said to have been evidence of motive for the placing of the still on Godsey's property, when considered in connection with the claim that he had quit dealing in liquor and was reporting violations of the law to the state authorities and thus interfering with the business of the raiding officers and their confederates. We think it was inadmissible, though Schultz and others were permitted to give evidence of the same character. It was open to Godsey to show, if he could, that he knew nothing of the still, and that it was placed on his property without his knowledge or consent. But in support of that defense he could not prove, under the guise of motive, isolated acts of law violation by the prohibition officers. Such evidence was too remote and speculative; besides, if admissible, that which was excluded was at most cumulative and could not have affected the verdicts.

The claim that one of the jurors was disqualified needs no discussion. The grounds of the alleged disqualification were never verified, and, whether so or not, were insufficient. No legal exception was taken to the charge. We waive that point, however, to observe that there is nothing in United States v. One Ford Coupé, 47 S. Ct. 157, 71 L. Ed. ——, relied on by defendants, indicating direct conflict between that part of the prohibitory legislation covering the objects of the conspiracy alleged and the older tax statutes under which the second indictment was drawn. See in this connection United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. Neither is the question of double punishment presented, although the indictments grew out of the same series of acts. In one case, defendants were charged with conspiring to violate the National Prohibition Act by unlawfully manufacturing intoxicating liquor; in the other, they were charged with violating the Revenue Acts in the use of a nonregistered distillery for the manufacture of spirituous liquor. Proof of acts constituting an offense under one indictment or count would not necessarily convict on any other—each in fact required certain evidence which the others did not. On this point the cases are governed by the principles announced in Reynolds v. United States (6 C. C. A.) 280 F. 1; Miller v. United States (6 C. C. A.) 300 F. 529; Gozner v. United States (6 C. C. A.) 9 F.(2d) 603.

Judgment affirmed.