L. WEINER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9215. Promulgated February 20, 1928.

*Thomas L. Pogue, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

SIEFKIN: This is a proceeding for the redetermination of deficiencies in income taxes for the years 1918, 1919, 1920, and 1921 in the amounts of $1,363.54, $9,168.33, $2,352.61, and $439.63, respectively. In the petition the amounts in controversy were stated to be for the year 1918, $1,363.54; for 1919, $8,072.49; and for 1920, $2,352.61. The deficiency asserted for the year 1921 was agreed to by the petitioner. By an amended answer the respondent admitted error in disallowing losses as follows:

| | |
|---|---|
| 1918 | $2,495 |
| 1919 | 18,860 |
| 1920 | 8,200 |

By agreement of the parties the sole issue submitted was whether the amounts of $11,466.88, $31,070.09, and $13,925.58 for the years 1918, 1919, and 1920, admitted by the petitioner to have been received by him in connection with gambling transactions, constitute taxable income, it being admitted that petitioner received such amounts during the years in question and deposited the same in a separate bank account, and that such amounts represent the net receipts from the operation of poker games. The position of the petitioner is solely whether such net receipts are subject to the income tax.

There is no doubt that the statutes of Mississippi make gambling illegal and include playing poker for money. See paragraph 979, Vol. I, Hemingway's Annotated Mississippi Code, 1927. See also paragraphs 981, 982, 1250, 1273, and 1325 of the same volume.

The contention of the petitioner must necessarily rest upon an argument that the receipts were not a legal transaction and that the law does not intend to tax income so received, since if the transactions were legal there would be no reason for exempting them from tax. The position of the petitioner has, however, been effectually disposed of by the Supreme Court of the United States in *United States* v. *Sullivan,* decided May 16, 1927, 274 U. S. 259, where Mr. Justice Holmes, in delivering the opinion of the court, said:

The Court below was right in holding that the defendant's gains were subject to the tax. By § 213 (a) [being Comp. St. § 6336 1/8 ff] gross income includes " gains, profits, and income derived from * * * the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." These words are also those of the earlier Act of October 3, 1913, c. 16, § II, B; 38 Stat. 114, 167, except that the word " lawful " is omitted before " business " in the passage just quoted. By § 600, 42 Stat. 285 [Comp. St. § 5986e], and by another Act approved on the same day Congress applied other tax laws to this forbidden traffic. Act of November 23, 1921, c. 134, § 5; 42 Stat. 222, 223 [Comp. St. §§ 10138–4/5 c—10138–1/5 e]. *United States* v. *One Ford Coupé,* 272 U. S. 321, 327 [47 S. Ct. 154, 47 A. L. R. 1025]. *United States* v. *Stafoff,* 260 U. S. 477, 480 [43 S. Ct. 197, 67 L. Ed. 358]. We see no reason to doubt the interpretation of the Act, or any reason why the fact

that a business is unlawful should exempt it from paying the taxes that if lawful it would have to pay.

In the light of the above case, there is no question that the net receipts constitute taxable income.

With respect to the year 1921 the entire deficiency asserted by the respondent is approved.

*Judgment will be entered on 15 days' notice, under Rule 50.*