## UNITED STATES v. DWORKIN.

District Court, D. Massachusetts.    April 16, 1928.

### No. 7904.

**1. Intoxicating liquors ⟲132—Indictments under Revised Statutes for distilling alcohol and possessing unregistered still held not demurrable.**

Indictments under Rev. St. § 3281 (26 USCA § 306; Comp. St. § 6021), for distilling alcohol with intent to defraud United States, and without having given bond under section 3282 (26 USCA § 307; Comp. St. § 6022) for distilling alcohol without being authorized distiller, and under section 3258 (26 USCA § 281; Comp. St. § 5994) for possessing unregistered still, *held*, not demurrable after enactment of Willis-Campbell Act (27 USCA § 2 et seq.), because of the decision in U. S. v. Remus, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

**2. Courts ⟲96(1)—District Court must follow decision of federal Supreme Court.**

It is duty of federal District Court to follow decision of United States Supreme Court covering case presented.

**3. Words and Phrases.**

"Clearly inconsistent" and "directly in conflict" discussed.

Samuel Dworkin was indicted for distilling alcohol with intent to defraud the United States and without giving bond, with having distilled alcohol from fermented mash without being an authorized distiller, and with possessing an unregistered still. On demurrer to the indictment. Demurrer overruled.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass.

Matthew McGrath, of Boston, Mass., for defendant.

MORTON, District Judge.    These are indictments under R. S. §§ 3281, 3282, and 3258 (26 USCA §§ 281, 306, 307; Comp. St. §§ 5994, 6021, 6022). The counts under section 3281 charge the defendant with engaging in the business of distilling alcohol with intent to defraud the United States and without having given bond, those under section 3282 charge him with having distilled alcohol from fermented mash without being an authorized distiller, and those under section 3258 charge him with having been in possession of an unregistered still. All counts relate to intoxicating liquor made for beverage purposes. The defendant has demurred.

The question presented is whether these sections are now in force as part of the criminal law of the United States. It is settled that they were repealed by the National Prohibition Act (27 USCA). U. S. v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043. The Willis-Campbell Act re-enacted all the old revenue statutes "in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted," "except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act." It then provides: "But if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other." Section 5 (27 USCA § 3). This statute amounted to a re-enactment of the revenue laws which came within its provisions, as was decided in U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

The penalties imposed by section 3281 are a fine of not less than $1,000 nor more than $5,000 and imprisonment not less than six months nor more than two years, and in addition forfeiture of the defendant's interest in the real estate on which the distillery is located, and also all right, title, and interest in said real estate of any owner who had guilty knowledge of the distillery located there. The penalties under section 3282 are a fine of not less than $500 nor more than $5,000, *and* imprisonment for not less than six months nor more than two years; those under 3258 are a penalty of $500 *and* a fine of not less than $100 nor more than $1,000

*and* imprisonment for not less than one month nor more than two years. The corresponding punishment under the National Prohibition Act is a fine of not more than $1,000 *or* imprisonment not exceeding six months. National Prohibition Act, tit. 2, § 29 (27 USCA § 46). It is apparent that the penalties for illegal manufacture of liquor are far more severe under the revenue statutes. We have therefore two statutes punishing the same act very differently.

The present case turns upon the expression in the Willis-Campbell Act, "except such provisions of such laws as are directly in conflict" with the provisions of the National Prohibition Act. That the sections now relied upon were so clearly inconsistent with the National Prohibition Act as to be repealed by implication was decided in the Yuginovich Case. The Willis-Campbell Act re-enacted only such parts of the revenue laws as were not "directly in conflict" with the National Prohibition Act. What is the difference between "clearly inconsistent" and "directly in conflict" as used in this connection? By "directly in conflict" is meant, I think, provisions which are per se irreconcilable, which cannot both stand without creating conflict in the law; while "clearly inconsistent" may also include provisions which reflect inconsistently in principle between two statutes not involving direct contradiction. The provisions as to punishment in the revenue statutes and in the National Prohibition Act seem to me to be of the former character. The act of operating a distillery is the same, whether its illegality be declared and punishment be imposed under one statute or the other; this was settled in the Yuginovich decision. This being so, the provisions imposing different punishments for it would seem to be "directly in conflict." The evils and injustice of double and differing penalties for the same offense are so obvious, and have been so long and so fully recognized by our law, that discussion of them is not necessary. See U. S. v. Yuginovich, supra; Norris v. Crocker, 13 How. 429, at pages 438, 439, 14 L. Ed. 210, and old English cases referred to in argument at page 435; U. S. v. Stowell, 133 U. S. 1, at page 15, 10 S. Ct. 244, 33 L. Ed. 555. In State v. Whitworth, 8 Port. (Ala.) 434, and U. S. v. One Bay Horse (D. C.) 128 F. 207, the legal question involved was curiously close to that of the present case. Statutes should not be construed to have that effect, unless such a result was plainly and inescapably expressed. While the Willis-Campbell Act recognizes the possibility that an act might be criminal

under both statutes, the conditional form in which this is put indicates, I think, rather a doubt on the part of Congress and an abundance of caution to prevent such a result than avowed recognition that the two statutes overlapped in their criminal provisions. For these reasons I should, if the question were open, reach the conclusion that the demurrer should be sustained.

[1-3] But in U. S. v. Remus (reported with U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358), a conviction under these revenue statutes after the passage of the Willis-Campbell Act was affirmed. The excepting clause in the Willis-Campbell Act, to which I have referred, is not mentioned in the opinion, and there is nothing to show that it was considered by the court. The decision, however, covers the case at bar. In this situation it is clearly the duty of a first instance court to follow the decision. It is to be presumed that all points necessary to the result were considered, even though not referred to in the opinion. I rule that this case is covered by the Remus decision and that I am bound thereby.

Demurrer overruled.