## 1
**Albert GUTTERMAN, Plaintiff in Error, v. UNITED STATES.**

Circuit Court of Appeals, Eighth Circuit. January 30, 1928.

No. 7897.

In Error to the District Court of the United States for the Eastern District of Oklahoma.

Kelly Brown and Harry G. Davis, both of Muskogee, Okl., for plaintiff in error.

Frank Lee, U. S. Atty., and W. F. Rampendahl, Asst. U. S. Atty., both of Muskogee, Okl.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of plaintiff in error.

## 2
**Tom HARRISON, Plaintiff in Error, v. UNITED STATES, Defendant in Error.**

Circuit Court of Appeals, Fourth Circuit. April 23, 1928.

No. 2691.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

O. K. Mauldin and J. L. Love, both of Greenville, S. C., for plaintiff in error.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C.

Before WADDILL and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM. This is a writ of error from a judgment of the District Court of the United States for the Western District of South Carolina, at Greenville, sentencing Tom Harrison, plaintiff in error and defendant below, to two years' imprisonment in the United States penitentiary at Atlanta, and to pay a fine of $1,000, upon the verdict of a jury, finding the said Harrison guilty of violating section 3296, R. S. U. S. (26 USCA § 404; Comp. St. § 6038). The indictment charged the defendant with removing from a distillery distilled spirits upon which the tax imposed by law had not been paid.

The only point relied upon by the defendant is that section 3296 could not be violated, because the government would not allow the tax on such spirits to be paid, or issue a license for distilling the same, even though the tax was offered to be paid. On the authority of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, which expressly holds that section 3296 was re-enacted by the Supplemental Prohibition Act of November 23, 1921 (27 USCA § 3), and where the court says, "Of course, Congress may tax what it also forbids," we hold that there is nothing in the point raised by defendant, and the judgment of the court below is accordingly

Affirmed.

## 3
**Henry HYMAN, Plaintiff Appellant, v. YALE ELECTRIC CORPORATION, Defendant Appellee.**

Circuit Court of Appeals, Second Circuit. April 9, 1928.

No. 254.

Appeal from the District Court of the United States for the Eastern District of New York.

Gifford & Scull, of New York City (John H. Bruninga, of St. Louis, Mo., of counsel), for appellant.

Wm. S. Pritchard, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Decree affirmed.