## MURPHY v. UNITED STATES.*
### No. 4219.

Circuit Court of Appeals, Seventh Circuit.

Rehearing Denied March 11, 1930.

John E. Dougherty, of Peoria, Ill., for appellant.

Marks Alexander, of Springfield, Ill., for the United States.

Before ALSCHULER, PAGE, and SPARKS, Circuit Judges.

PAGE, Circuit Judge.

Appellant appeals from a conviction on three counts of an indictment under the National Prohibition Act (27 USCA) viz., sale, possession, and nuisance.

The sole contention is that section 5 of the so-called Willis-Campbell Act (42 U. S. Stats. at L., p. 222; section 3, tit. 27 U. S. Code Ann.), repealed the provisions in question of the National Prohibition Act.

Reading section 35, title 2, of the National Prohibition Act, passed October 28, 1919 (27 USCA § 52), in the light of the decision in U. S. v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, and the Willis-Campbell Act of November 23, 1921, in the light of U. S. v. Stafoff (U. S. v. Remus), 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, appellant reaches the conclusion that the National Prohibition Act repealed the then existing Internal Revenue Laws with respect to intoxicating liquors for beverage purposes, and that the Willis-Campbell Act re-enacted all of the criminal penalties of the Internal Revenue Laws for violating the tax provisions of such laws and repealed the pro-

*Certiorari denied 50 S. Ct. 410, 74 L. Ed. ——.

visions of the National Prohibition Act in question.

Yuginovich, after the effective date of the National Prohibition Act and before the passage of the Willis-Campbell Act, was indicted under three sections of the Internal Revenue Law in force prior to the passage of the National Prohibition Act. A motion to quash the indictment was sustained "Upon the grounds that the acts of Congress under which the same was found were repealed before the finding of the indictment, and that the acts charged to have been committed by them were after the date upon which the Eighteenth Amendment to the federal Constitution and the Volstead Act * * * became effective." U. S. v. Yuginovich, 256 U. S. 458, 41 S. Ct. 552, 65 L. E. 1053.

The sections of the Internal Revenue Act involved and section 35, title 2, of the National Prohibition Act (27 USCA § 52), and other matters necessary to the understanding of the Yuginovich Case, are fully set out in the opinion in that case. After holding that Congress may, under the broad authority of the taxing power, tax intoxicating liquors notwithstanding their production is prohibited and punished (page 462 of 256 U. S., 41 S. Ct. 553, 65 L. Ed. 1053), the court said: "Did Congress intend to punish such violation of law by imposing the old penalty denounced in section 3257 [26 USCA § 261] or as provided in the new and special provision enacted in the Volstead Act?"

After further discussion, it was held that the provisions of section 35, title 2 (27 USCA § 52), did not evidence the intention of Congress to inflict for such an offense the punishment provided in section 3257 [26 USCA § 261], but agreed with the District Court that, although Congress had the power, it did not intend to preserve the old penalties. The conclusion that the sections involved in the Yuginovich Case were repealed by the National Prohibition Act was based, not upon any finding that the sections involved in that case were in direct conflict with the provisions of the National Prohibition Act, but solely upon the ground that, considering the language of the National Prohibition Act, Congress did not intend that the old penalties should be preserved.

In the Stafoff and Remus Cases, 260 U. S. 477, 43 S. Ct. 197, 199, 67 L. Ed. 358, Stafoff was indicted for violating two sections of the old Internal Revenue Act, and Remus was likewise indicted for violating

the provisions of sections of the old Internal Revenue Act. Demurrer was sustained to the indictment in each case. The Supreme Court held that in all questions arising under the acts done prior to the passage of the Willis-Campbell Act, the Yuginovich Case governed, that is, that the sections had been repealed by the National Prohibition Act. But the court said: "Three counts in the Remus Case charge carrying on the business mentioned up to April 1, 1922, and therefore are governed in part by the Supplemental Act."

That is, section 5 of the Willis-Campbell Act, having become effective November 23, 1921 (27 USCA § 3), the offenses charged in the three counts of the Remus indictment, if proven to have been committed between the effective date of the Willis-Campbell Act and April 1, 1922, were covered by the Supplemental Act, and, for having neglected such distinction, the Remus Case was reversed in part. After quoting section 5 of the Willis-Campbell Act, all that is said about it is: "It puts a new face upon later dealings. * * * For offenses committed after the new law [Willis-Campbell Act] United States v. Yuginovich cannot be relied upon." U. S. v. Stafoff, 260 U. S. 480, 43 S. Ct. 199, 67 L. Ed. 358..

What sections of the old Internal Revenue Law were or were not re-enacted by that act was not considered. So that we have the question as to the scope of the Willis-Campbell Act wholly unconsidered in either the Stafoff or the Remus Case.

In U. S. v. One Ford Coupe, 272 U. S. 321, 330, 47 S. Ct. 154, 157, 71 L. Ed. 279, 47 A. L. R. 1025, the Supreme Court said: "Congress has declared in section 5 of the Willis-Campbell Act [27 USCA § 3] that, in ascertaining its intention in this connection, the standard of mere inconsistency, which had been applied in United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, shall not prevail."

In the same case, the Supreme Court (pages 326–327 of 272 U. S., 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025), held that which we understand to be the plain reading of the section, namely, that the Willis-Campbell Act did not re-enact laws in regard to the taxation of intoxicating liquors that were in direct conflict with the National Prohibition Act. There is this language in section 5 (27 USCA § 3): "If any act is a violation of any of such laws and also of the National Prohibition Act or of this Act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

From this, it seems clear that it was the intent and purpose of Congress to re-enact under that section old laws, even though they might be laws that covered acts or offenses covered by the National Prohibition Act, without any intention whatever of repealing thereby any section of the National Prohibition Act, but that the matter was to be taken care of and the violator protected against a double punishment by making the conviction under one a bar to a conviction under the other.

We are of opinion that section 5 of the Willis-Campbell Act (27 USCA § 3), did not repeal any part of the National Prohibition Act.

The judgment is affirmed.