## CALLAHAN v. UNITED STATES.
### No. 4351.

Circuit Court of Appeals, Third Circuit.
Oct. 29, 1931.

Rehearing Denied Nov. 27, 1931.

See, also, 36 F.(2d) 425.

Louis Halle, of New York City, and P. Warren Green, of Wilmington, Del. (Milton R. Kroopf, of New York City, of counsel), for appellant.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., for the United States.

Before DAVIS, Circuit Judge, and CLARK and AVIS, District Judges.

AVIS, District Judge.

Appellant, defendant in the court below, appeals from his conviction and sentence, un-

der an indictment charging him with importation of intoxicating liquor contrary to the provisions of section 593(b) of the Tariff Act of 1922 (19 USCA § 497). The relevant part of this statute reads as follows: "If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, * * * such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both. * * *"

The indictment returned by the grand jury in the district of Delaware charged Charles Newton, alias Charles R. Brown, and Albert Knickle, with a violation of this statute in two counts. The first count charged that these two defendants on November 10, 1927, "did unlawfully, wilfully, feloniously, knowingly and fraudulently import and bring into the United States and assist in importing and bringing into the United States, to wit, from St. Pierre-Miquelon, into the territorial waters of the District of Delaware * * * certain merchandise, contrary to law, to wit, a large quantity of intoxicating liquor, to wit, * * * all of said liquors containing more than one-half of one per centum of alcohol by volume and being fit for use for beverage purposes. * * *"

This count charged that such importation was in violation of the statute aforesaid, because (1) imported without permit; (2) without payment of customs duties, and (3) in violation of section 3, title 2, of the National Prohibition Act (27 USCA § 12).

As a separate paragraph of this count, the grand jury indicted the defendant-appellant on the charge that he did aid, abet, incite, counsel, and procure the aforesaid defendants to commit, and in committing, the aforesaid unlawful act.

The second count charged all three of the defendants with the commission of the offense based upon the unlawful importation of the liquors, contrary to the provisions of the section of the Tariff Act hereinbefore referred to, and for the same three alleged violations.

Before trial, the second count was nolle prossed on the motion of the United States attorney, and we are therefore concerned only with the action of the court on the first count.

■ Counsel for the defendant-appellant moved, in the court below, to dismiss or quash the indictment on the ground of autrefois acquit; that the defendant-appellant at the December term, 1927, of said court, upon a previous trial, and upon another indictment, was acquitted of the charges stated in the indictment in question. This motion was dismissed and overruled by the trial court, and as it has not been raised, orally or in briefs, we presume this point has been abandoned.

■ Subsequently, on May 13, 1929, defendant-appellant filed a demurrer to the indictment, alleging sundry defects therein, and upon such demurrer the trial court held that that portion of the indictment alleging (1) importation without permit and (2) without payment of customs duties, did not charge an offense under the law, but sustained count one of the indictment in so far as it charged against the defendant-appellant the offense, under the Tariff Act, of aiding and abetting the importation of intoxicating liquor "contrary to law," in violation of the provisions of section 3, title 2, of the National Prohibition Act. Subject to our conclusion as to the repeal of the provisions of the Tariff Act, hereinafter referred to, we approve of this action of the trial court, holding that the words "contrary to law" in the Tariff Act means contrary to any existing law, and so if the liquor in question was imported contrary to the provisions of section 3, title 2, of the National Prohibition Act, it violated the Tariff Act under which the defendant was indicted.

■ It is claimed that the defendant-appellant was not in the district of Delaware at the time the offense was committed, and that, by reason of his being out of the district, he could not be found guilty of the offense charged. The law is quite clear that a person may be convicted of aiding, abetting, and inciting the commission of an offense, even though he may not be in the district when the offense is actually committed, if the court has jurisdiction of the defendant at the time of trial.

This principle is recognized by Congress in section 42 of the Judicial Code (28 USCA § 103), as it refers to jurisdiction between the various district courts, and is upheld and applied in the Supreme Court case of Ford v. United States, 273 U. S. 593, 620, 47 S. Ct. 531, 71 L. Ed. 793.

■ Intoxicating liquor has been held to be merchandise within the designation of the tariff laws. Bookbinder v. United States (C. C. A. 3) 287 F. 790.

■ An importation takes place whenever merchandise is brought within the territorial

waters of the United States with intent to illegally bring said merchandise into the country. Gillespie v. United States (C. C. A. 2) 13 F.(2d) 736.

The main controversy in this case, as we see it, is confined to two important questions: (1) Did the indictment charge an offense under the Tariff Act? (2) Was the evidence produced sufficient to justify the court in submitting to the jury the guilt or innocence of the defendant-appellant?

■ Counsel claims that if the defendant-appellant was guilty of any offense, it was a violation of the National Prohibition Act; that when Congress enacted section 3, title 2, of this Act, it provided the only method by which a person could be convicted of the crime of illegal importation of intoxicating liquor, and that its provisions precluded the government from prosecuting under any other law for such offense. In other words, it is claimed that the section of the National Prohibition Act, referred to, by implication repeals the section of the Tariff Act under which this indictment was returned, and that prosecutions for importation of intoxicating liquor may be instituted only under the terms of the Prohibition Act.

There may have been some questions on this point prior to the enactment of the so-called Willis-Campbell Act (section 5 [27 USCA § 3]).

The case of Bookbinder v. United States (C. C. A. 3) 287 F. 790, supra, upon which defendant-appellant materially relies, was decided prior to the passage of the Willis-Campbell Act, and while, in the opinion in that case, Judge Woolley suggested that the Prohibition Act may have repealed the provisions of the Tariff Act, as it affected actual importation, the case was decided upon other provisions of the Tariff Act, which were not affected by the unlawful importation provisions of the Prohibition Act.

However, since the passage of the Willis-Campbell Act, the Supreme Court has reviewed this whole matter, and has settled the law applying to this particular question in the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. The court in that case said:

"In United States v. Yuginovich, 256 U. S. 450 [41 S. Ct. 551, 65 L. Ed. 1043], it was decided that sections 3281 and 3282 were repealed by the later law, at least as to the production of liquor for beverage purposes. Since that decision and with reference to it, as appears from the House Report, No. 224, 67th Cong., 1st Sess., and the debates, 61 Cong. Rec., part 3, pp. 3095, 3096, the Act Supplemental to the National Prohibition Act was passed. Act of November 23, 1921, c. 134, § 5, 42 Stat. 222, 223. By section 5 of this statute 'All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and non-beverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act.' (But if an act violates both the former and the latter a conviction under one is a bar to prosecution under the other.)" Page 479 of 260 U. S., 43 S. Ct. 197, 199.

"But the Supplemental Act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms. The form of words is not material when Congress manifests its will that certain rules shall govern henceforth. Swigart v. Baker, 229 U. S. 187, 198, 33 S. Ct. 645, 57 L. Ed. 1143. Of course Congress may tax what it also forbids. [United States v. Yuginovich], 256 U. S. 462, 41 S. Ct. 551, 65 L. Ed. 1043. For offenses committed after the new law, United States v. Yuginovich cannot be relied upon." Page 480 of 260 U. S., 43 S. Ct. 197, 199.

This decision has been approved in other Supreme Court cases, and followed in many cases in the circuit and district courts, and disposes of the contention in the instant case based upon the claimed repeal of the section of the Tariff Act in question.

We think the testimony produced justified the court in submitting the facts to the jury; that the refusal to charge as requested was right; and that the trial court committed no error in denying the motion in arrest of judgment, and refusing a new trial.

The judgment is affirmed.