## WHITEHEAD et al. v. UNITED STATES.
### No. 7552.

Circuit Court of Appeals, Fifth Circuit.

Nov. 26, 1934.

WALKER, Circuit Judge, dissenting.

———◆———

W. C. Williams, of San Antonio, Tex., for appellants.

W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellants were convicted upon four counts of an indictment drawn under Rev. St. § 3296, as amended, 26 USCA § 404, of removing "from a place to the Grand Jurors unknown" to places other than a bonded warehouse, and concealing after removal, distilled spirits upon which the tax imposed by law had not been paid. Two of these counts had to do with 35, and the other two with 580, gallons of diluted alcohol, found by customs officers concealed, one lot at one place and the other at another, on the premises of the appellant C. B. Whitehead. There were still other counts of the indictment which were based on removal, deposit, and concealment, with intent to defraud the United States of the tax on distilled spirits, under Rev. St. § 3450, 26 USCA § 1181; but a nolle prosequi was entered as to them. One of the customs officers traced the two lots of liquor in question from San Antonio, and, judging from the taste and the containers in which it had been put up, testified that in his opinion it was alcohol which had been manufactured in Cuba. The appellant Lloyd Whitehead, who admitted that he transported the lot of 580 gallons from San Antonio, stated that he bought it upon information from the seller and in the belief that it was Cuban alcohol. The transportation and concealment were alleged to have occurred, and according to the undisputed evidence did occur, in November, 1933. The indictment was returned in January, 1934.

Appellants demurred on the ground that section 3296, as amended, was repealed along with the National Prohibition Act (27 USCA § 1 et seq.) and the Eighteenth Amendment; and at the close of the evidence moved for a directed verdict in their favor, contending that the evidence was insufficient to prove the offenses charged against them.

Revenue laws, including section 3296, as amended, in regard to the manufacture and taxation of intoxicating liquor, and all penalties for violations of such laws, were continued in force notwithstanding the National Prohibition Act, unless they were in direct conflict with it, by the Willis-Campbell Act, passed in 1921, 27 USCA § 3. United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. The demurrer therefore on the ground stated was properly overruled. But in our opinion it was error to deny the motion of appellants for a directed verdict. Rev. St. § 3296, as amended, 26 USCA § 404, and section 3299, as amended, 26 USCA § 403, should be read in connection with each other and construed as parts of a single piece of legislation; for the provisions of both sections were originally incorporated in section 36 of the Act of 1868, 15 Stat. 140. The removal there prohibited is from a distillery to a place other than a bonded warehouse; and the concealment prohibited is of spirits "so removed," that is to say removed from a distillery to a place other than a bonded

warehouse. The original statute, in order to protect the revenue by securing payment of taxes at the distillery or other bonded warehouse, undertook to prevent and punish unauthorized removal from the place where the spirits were distilled, and no change was wrought by the mere splitting of it up into two separate sections. Neither the original act nor the separate sections into which it was divided provide punishment for the removal of distilled spirits from any place, known or unknown, other than the place of manufacture. Spirits distilled and removed may be forfeited, but only those engaged in the initial unlawful removal, or concealment after such removal, are punishable under section 3296, as amended. The unlawful removal, deposit, or concealment, of any taxable goods including distilled spirits, with intent to defraud the United States, is punishable under Rev. St. § 3450, 26 USCA § 1181. This last-named section, unlike section 3296, as amended, does not concern itself with the place from which the goods were removed, but forfeits the goods and punishes the offender if the goods are removed, or are deposited and concealed in any place. But as a nolle prosequi was entered as to the counts of the indictment drawn under section 3450 (26 US CA § 1181), we have no occasion now to decide whether conviction under that section would have been good. The repeal of the Eighteenth Amendment prevented any prosecution of appellants for unlawfully transporting and possessing intoxicating liquor in violation of the National Prohibition Act. For all that appears the distilled spirits found in the possession of appellants were never removed from a distillery in the United States. All the evidence on that subject both for the prosecution and for the defense tends strongly to show that the liquor in question was manufactured in a foreign country. The fact that the tax on it was not paid indicates quite conclusively that it was smuggled into the United States, and that appellants facilitated its transportation and concealment in violation of the customs laws, 19 USCA § 497, rather than in violation of the section of the internal revenue laws under which they were indicted and convicted. It is no answer to say that under 26 USCA § 245 a tax is levied on distilled spirits that are imported into the United States. The question here is not whether appellants violated some other revenue law and ought to be punished. We do not think the evidence was sufficient to show that they committed the offenses with which they are charged.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

WALKER, Circuit Judge, dissents.