Van Voorhis, J. (concurring in part).
If the Communist Party in the United States is ‘ ‘ the agency of a hostile foreign power ’ ’ and ‘ ‘ an instrumentality of a conspiracy to overthrow the Government of the United States ” as the Congress of the United States has determined (U. S. Code, tit. 50, § 841), on. account of which it has been “ outlawed ” and declared not to be “ entitled to any of the rights, privileges, and immunities attendant upon legal bodies created under the jurisdiction of the laws of the United States or any political subdivision thereof” (id., § 842), then if cannot be recognized as a legitimate employer or its servants as legitimate employees. It has no living legal tissue. It enjoys neither the identity nor the rights, privileges or immunities of a legal organization. Unless these findings by the Congress are idle words, if lacks the power to make contracts and cannot enter into the relationship of employer and employee. No agency of a foreign power or its *91 subsidiary organizations can have a legal status as part of ‘1 an authoritarian dictatorship within a republic,” as the Communist Control Act says, certainly where its reason for existence is that which is above stated. Taxation does not make it legal (United States v. Yuginovich, 256 U. S. 450, 462; United States v. Stafoff, 260 U. S. 477, 480; United States v. One Ford Coupe, 272 U. S. 321, 326).
These conclusions are in accord with the majority opinion insofar as it upholds the suspension of the registration of the Communist Party—State and national—but not in regard to the allowance of unemployment insurance to Albertson. In our view the order of the Appellate Division should be reversed in its entirety and the determination of the Unemployment Insurance Appeal Board reinstated.
Judge Dye concurs with Chief Judge Desmond; Judge Fuld dissents in part and votes to affirm the order appealed from in all respects in an opinion in which Judge Fboessel concurs; Judge Van Voorhis concurs in part but votes to reverse the order appealed from and to reinstate the determination of the Unemployment Insurance Appeal Board in an opinion in which Judge Burke concurs; Judge Foster taking no part.
Order of the Appellate Division modified in accordance with the opinion herein and, as so modified, affirmed, with costs to claimant-respondent against the Industrial Commissioner.