### UNITED STATES v. NIROKU KOMAI et al.

(District Court, S. D. California, S. D.    February 8, 1923.)

No. 4514.

**1. Aliens ⊜⇒56—Statute imposes no penalty for harboring alien.**

Immigration Law, § 8, making it a misdemeanor to bring into the United States, or conceal or harbor therein, any alien not duly admitted or not entitled to reside within the United States, and providing that, on conviction, he shall be punished as therein provided for each and every alien so landed or brought in, or attempted to be landed or brought in, imposes no penalty for the misdemeanor of concealing or harboring an alien.

**2. Conspiracy ⊜⇒28—To harbor alien is an offense.**

Immigration Law, § 8, making the concealing and harboring of an alien a misdemeanor, makes it an offense, within Criminal Code, § 37, relating to conspiracies to commit any offense against the United States, so that one convicted of conspiracy to harbor an alien may be punished, even though no penalty is imposed by the statute for the offense of harboring.

Niroku Komai was convicted of conspiracy to conceal and harbor a Japanese alien, not duly admitted and not entitled to reside within the United States, and he moves in arrest of judgment. Motion overruled.

Joseph C. Burke, U. S. Atty., and Mark L. Herron, Asst. U. S. Atty., both of Los Angeles, Cal.

Cooper, Collings & Shreve, of Los Angeles, Cal., for defendants.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TRIPPET, District Judge. The defendant, Komai, has been convicted of a conspiracy to conceal and harbor a Japanese alien not duly admitted to the United States by an immigration inspector of the United States, and not entitled to reside within the United States. The defendant has made a motion in arrest of judgment. Section 8 of the Immigration Law is as follows:

"Sec. 8. That any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor, or attempt to conceal or harbor, or assist or abet another to conceal or harbor in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States, under the terms of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years, for each and every alien so landed or brought in or attempted to be landed or brought in." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd.

Section 37 of the Criminal Code (Comp. St. § 10201) provides that, if two or more persons conspire to commit any offense against the United States, they shall be guilty of a conspiracy. Defense counsel raises the question that, since there is no penalty provided for harboring an alien in the United States, there can be no conspiracy under section 37.

[1, 2] It is plain that section 8 provides no penalty for the misdemeanor defined therein of concealing or harboring an alien. The penalty only relates to bringing in or landing in the United States the alien. There is not even any ambiguity in the statute on this subject. In my opinion the fact that no penalty of any kind is prescribed by section 8 does not bar a prosecution for a conspiracy. Section 8 describes concealing and harboring an alien as an offense, to wit, a misdemeanor. One who conspires to commit a misdemeanor "hath offended the law."

The motion in arrest of judgment will be overruled. Biskind v. United States (C. C. A.) 281 Fed. 47; U. S. v. Stevenson, 215 U. S. 190, 30 Sup. Ct. 35, 54 L. Ed. 153; U. S. v. Hutto, 256 U. S. 524, 41 Sup. Ct. 541, 65 L. Ed. 1073.