## UNITED STATES v. CAHILL.

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1996.

**1. Customs duties ⬅130—Vehicle on which smuggled merchandise is found is subject to forfeiture, though not shown to have been used in moving same (Rev. St. §§ 3061, 3062 [Comp. St. §§ 5763, 5764]).**

An automobile, on which liquors that have been smuggled into the United States without payment of duty are found, is subject to forfeiture under Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), though it had not been and was not being moved at the time it was discovered by officers with the liquors on it.

**2. Customs duties ⬅130—Statute providing for forfeiture of vehicles used to transport or conceal smuggled goods still in force as to intoxicating liquors (Willis-Campbell Act Nov. 23, 1921, § 5 [Comp. St. Ann. Supp. 1923, § 10138⅘c]; Tariff Act 1922, tit. 1, § 1, schedule 8, par. 801 et seq. [Comp. St. Ann. Supp. 1923, § 5841a]; Rev. St. §§ 3061, 3062 [Comp. St. §§ 5763, 5764]).**

Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), providing for seizure and forfeiture of smuggled goods and vehicles used to transport or conceal the same, are continued in force by Willis-Campbell Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138½c), as respects

intoxicating liquors, which are subjected to customs duty by Tariff Act 1922, tit. 1, § 1, schedule 8, par. 801 et seq. (Comp. St. Ann. Supp. 1923, § 5841a).

### 3. Customs duties ⚖1.

Congress may impose a tax on the importation of merchandise, the importation of which it forbids.

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Libel by the United States against one Packard touring automobile; John S. Cahill, claimant. Judgment for claimant, and the United States brings error. Reversed and remanded.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for the United States.

Joseph M. Hargedon, of Lawrence, Mass. (James A. Donovan, of Lawrence, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a decree of the District Court for Massachusetts, dismissing a libel of information brought by the United States to enforce a forfeiture of a Packard automobile for a violation of the provisions of section 3061 and section 3062 of the Revised Statutes of the United States (Comp. St. §§ 5763, 5764).

[1] The libel charged that on April 3, 1925, the automobile was duly seized at Onset, Mass., by an officer of the United States Coast Guard as forfeited to the United States, in that "on said 3d day of April, A. D. 1925, at said Onset, there was unlawfully on, about, in, and upon, and concealed on, about, in, and upon said automobile, certain merchandise, to wit, 29 cases, more or less, of gin, which said merchandise was subject to customs duties due to the United States, and which said merchandise had theretofore been fraudulently and clandestinely imported and introduced into the United States without payment of customs duties due to be paid thereon, and the United States was thereby defrauded."

One Cahill appeared as claimant, and in his claim and answer stated:

"And for answer to the said libel your claimant denies the allegations contained therein, and further says that, if the said automobile were used as alleged in the transportation of property in violation of the laws of the United States, it was so used without any knowledge and consent on his part by a person or persons then not rightfully in possession of the said automobile."

At the conclusion of the government's testimony, no evidence having been offered by the claimant, the court found and ruled as follows:

"On all the evidence I find that the merchandise on the Packard automobile was unlawfully imported and introduced into the United States without payment of customs duties thereon, but, there being no evidence that the vehicle was ever moved with said merchandise on board, I rule that the vehicle is not forfeited to the United States under sections 3061 and 3062 of the Revised Statutes of the United States."

The error assigned is that the court erred in ruling that the automobile was not subject to forfeiture under Revised Statutes, §§ 3061 and 3062, because there was no evidence that the vehicle was ever moved with the smuggled merchandise thereon.

Sections 3061 and 3062 of the Revised Statutes, so far as material to this case, read as follows:

"Sec. 3061. Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, * * * on which * * * he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether * * * by, in, or upon such vehicle * * * or otherwise, and, * * * if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, * * * which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether * * * by, in, or upon such vehicle, * * * or otherwise, he shall seize and secure the same for trial.

"Sec. 3062. Every such vehicle and * * * all other * * * means of concealment, * * * shall be subject to seizure and forfeiture."

There is no question in this case as to the authority of the officers to make the seizure, or as to the merchandise on the automobile having been unlawfully imported and introduced into the United States without the payment of customs duties. The question is whether, under sections 3061 and 3062, an automobile on which liquors are found that have been imported and introduced into the country without the payment of customs duties may be subjected to forfeiture, even though the automobile had not been and was not be-

ing moved at the time it was discovered with the liquors upon it.

It seems to us that, according to the plain reading of the statute, it is immaterial whether the automobile had been moved or was being moved with the liquors upon it at the time it was discovered, for section 3061, says whether the liquors were brought into the country by, in, or upon such vehicle or otherwise, if found on or about such vehicle, they shall be subject to seizure, and section 3062 provides that every such vehicle shall be subject to seizure and forfeiture.

[2] It is now urged by the defendant in error that, although the ground assigned by the court below for its ruling may have been erroneous, the ruling was right, for the reason that since the enactment of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) intoxicating liquors cannot be imported and are not subject to customs duties, and therefore the ground of forfeiture stated in the libel does not and cannot exist. If this may have been the case prior to the Willis-Campbell Act of November 23, 1921 (42 Stat. 222 [Comp. St. Ann. Supp. 1923, § 10138⅘c]), we think it is not so since that time. Section 5 of that act provides:

"Sec. 5. That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act. * * * "

Section 1, title 1, of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841a), subjects all articles imported from a foreign country to the payment of duties according to the rates provided in the schedules. Schedule 8 provides in various paragraphs for the imposition of import duties on "spirits, wines and other beverages," which are to be in addition to the internal revenue tax imposed (paragraph 801), and paragraph 813 especially provides:

"No wines, spirits, or other liquors or articles provided for in this schedule containing one-half of 1 per centum or more of alcohol shall be imported or permitted entry except on a permit issued therefor by the Commissioner of Internal Revenue, and any such wines, spirits, or other liquors or articles imported or brought into the United States without a permit shall be seized and forfeited in the same manner as for other violations of the customs laws."

[3] Congress can impose a tax upon the importation of merchandise, the importation of which it forbids. United States v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 67 L. Ed. 358; United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; Smith v. United States (C. C. A.) 9 F.(2d) 386. It has forbidden the importation of wines, spirit, or other liquors, except on a permit, imposed a special tax upon their importation, and made them subject to all laws in regard to their taxation, and subject to all penalty provisions for violation of such laws, that were in force when the National Prohibition Act was enacted, except so far as they are directly in conflict with any provision of the National Prohibition Act or the Willis-Campbell Act, and the question is whether sections 3061 and 3062 are directly in conflict with the provisions of title 2, section 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

Sections 3061 and 3062 contemplate the seizure and forfeiture of a vehicle on which goods are found that have been smuggled, without regard to their being transported thereon; it is because the vehicle is being used as a "means of concealment" of smuggled goods; while section 26 contemplates that the vehicle shall be seized and forfeited for being used by a person in the illegal act of transporting liquor. This being so, we do not regard the provisions of sections 3061 and 3062 as in direct conflict with the provisions of section 26 of the Prohibition Act, and especially is this true as applied to the facts in this case, for it is not found that the officers discovered any person in the act of transporting liquor in the automobile, and there was no evidence from which such a finding could be made. The evidence was that, at the time they discovered the automobile with the liquors upon it, it was at rest, and not in the possession or control of any one. See Commercial Credit Co. v. United States (C. C. A.) 5 F.(2d) 1.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.