## BROWN v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 31, 1926.)

No. 2018.

1. **Intoxicating liquors** ⬅️138—**Actual presence of defendant in boat illegally transporting liquor held not essential to conviction.**

The fact that a defendant was not present on a boat in which liquor was transported does not absolve him from a charge of illegal transportation, where evidence shows that he was a party to the transaction.

2. **Intoxicating liquors** ⬅️173—**Possession incidental to transportation is not separate offense.**

Where possession of liquor is incidental only to its transportation, they cannot be charged as separate offenses.

3. **Criminal law** ⬅️304(20)—**That alcohol is intoxicating need not be proved (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Alcohol is intoxicating liquor within the National Prohibition Act (Comp. St. § 10138¼ et seq.), and the fact need not be proved.

4. **Intoxicating liquors** ⬅️238(3)—**Whether alcohol clandestinely obtained from "Rum Row" was fit for beverage purposes held jury question.**

Evidence that alcohol was clandestinely obtained from schooner anchored in "Rum Row" *held* to make its fitness for beverage purposes jury question.

5. **Customs duties** ⬅️1—**Congress may make dutiable prohibited imports.**

Congress has power to impose a duty on liquors, though their importation is prohibited.

6. **Customs duties** ⬅️134—**To warrant conviction for unlawful "importation of liquor" it must be shown that it came from a foreign port (Tariff Act 1922, § 593b [Comp. St. § 5841h13]).**

To constitute the offense of unlawful "importation of liquor," in violation of Tariff Act 1922, § 593b (Comp. St. § 5841h13), it must be shown that the liquor came from a foreign port, and the fact that it was brought from a vessel anchored 30 miles at sea does not warrant such inference in a criminal case.

Anderson, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Criminal prosecution by the United States against Thomas Brown. Judgment of conviction, and defendant brings error. Affirmed as to first count of indictment, and reversed as to second and third counts.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S.

Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiff in error, hereinafter called the defendant, was indicted with George W. Hunt and John G. Schlieff for violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). The indictment contained three counts. The first count charged unlawful transportation of intoxicating liquor; the second, unlawful possession; and the third, importing and bringing into the United States "without the payment of the lawful revenues due the United States thereon, of certain merchandise, to wit, 150 cases containing in all 1,000 gallons, more or less, of alcohol."

Hunt and Schlieff pleaded guilty. Brown was tried in the United States District Court of Massachusetts and the jury returned a verdict of "guilty on all three counts."

The only witnesses for the government were Schlieff and Hunt. Schlieff testified that he was hired by Brown and two other men to go out to the Parker, a vessel anchored 30 miles out on the high seas, and obtain liquor; that he received from the two men who accompanied Brown $750, and Brown gave him $300, and also gave him two tickets; that with the money and the tickets he got 150 cases of alcohol from the Parker on August 26, 1925, at about 10:30 o'clock on that night, and came back to Raccoon Island, off Quincy, Mass.; that Hunt went on the trip with him and went ashore in a dory.

Hunt testified that he was in the employ of Brown; that at his suggestion Brown bought a boat and made an agreement with him that, if he would make trips, evidently for the purpose of obtaining liquor, he was to get $200 a trip, and after a certain number of trips the boat was to be turned over to him by Brown upon payment of its cost; that he accompanied Schlieff out to the schooner Parker on "Rum Row," and when they got back he went to Schlieff's house and telephoned Brown; that Brown came where he was, and he pointed out the boat, and Brown said, "We will unload tonight;" that he started back with the dory in which he had come from the boat, but was arrested by members of the Coast Guard, who seized the boat and the liquor with which it was loaded.

Only three witnesses testified in behalf of the defendant, and they stated in substance that they saw Brown at Schlieff's boatyard in company with two men; that these two men passed Schlieff money, and they saw Schlieff counting it, but that Brown took no part in it.

At the close of the evidence the defendant filed a motion for a directed verdict, on the ground that there was not sufficient evidence to warrant his conviction upon any of the counts. This motion was denied and exception taken.

The defendant also filed a motion that the government elect whether it would have the case submitted to the jury upon the count for transportation or the count for possession, which was denied. There was also a motion in arrest of judgment, which was denied.

The errors assigned are that the court erred in refusing to direct a verdict of not guilty, and in refusing to instruct the jury "that, if the liquor was possessed by Schlieff and Hunt on the boat, and Brown had no part in the illegal possession, the jury should acquit him"; also, because of the refusal of the court to instruct the jury that, in substance, if the defendant took no part in the illegal transportation, he should be acquitted; also, that the court refused to instruct the jury to acquit the defendant, because the government failed to show that the liquor was subject to duty, and that no duty had been paid on it, and that the court erred in not instructing the jury to acquit the defendant because of the failure of the government to prove that alcohol was intoxicating liquor, as alleged in the indictment.

It was also assigned as error that the court erred in not granting defendant's motion in arrest of judgment on the ground that the third count of the indictment failed to set forth any offense under section 593 (b) of the Tariff Act of 1922 (Comp. St. § 5841h13).

It also assigned as error that the court erred in not requiring the government to elect which count of the indictment should be submitted to the jury for its consideration.

The record is very meager, and briefly in narrative form states the testimony of the government witnesses. The charge of the presiding judge is entirely omitted. The requested instructions, that were refused, evidently related to the fact that Brown was not present on the boat with Schlieff and Hunt during the transportation of the

alcohol or when the boat had come to anchor at Raccoon Island.

[1] Taken without any connection with the facts disclosed by the evidence, it is evident that they should have been given; but, taken in connection with the testimony of the government's witnesses, it is clear that they were properly refused. The fact that the defendant was not personally present with Hunt and Schlieff upon the boat would not absolve him from all connection with what was done by them.

Section 332 of the Penal Code (U. S. Comp. Stat. § 10506; 35 Stat. 1152) makes not only those who directly commit an act liable as principals, but also those who "aid, abet, counsel, command, induce or procure its commission." Its language is as follows:

"Whoever directly commits any act constituting an offense defined in any law of the United States or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

Although the transportation began at the schooner Parker, 30 miles out to sea, it ended at Raccoon Island, off Quincy, Mass., within the territorial limits of the United States and the waters over which it has sovereignty; so there was a transportation within these waters, and there was abundant evidence to support the verdict of guilty under the first count charging transportation.

[2] The testimony did not disclose any possession which was not incidental to transportation. While the boat had come to rest at her mooring at Raccoon Island, where she was pointed out to Brown by Hunt, the transportation had not ceased, but had been temporarily suspended, evidently awaiting directions from the defendant where the unloading should take place, and was to be resumed after these directions had been given.

The possession of the liquors was incidental to and involved in the act of transportation. Schroeder v. United States (C. C. A.) 7 F.(2d) 60.

[3] There is no merit in the contention of the defendant that evidence should have been introduced by the government that alcohol is intoxicating liquor. By the terms of the National Prohibition Act it is so defined, in section 1 of title 2 of that act (41 Stat. 307 [Comp. St. § 10138½]), where the language used, so far as material, is as follows:

"When used in title II and title III of this act (1) the word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of one per centum or more of alcohol by volume which are fit for use for beverage purposes."

[4] Whether the alcohol transported was fit for beverage purposes was a question for the jury, who could make all reasonable inferences from the facts disclosed, and who were justified in finding that alcohol obtained in the clandestine manner disclosed and from a schooner anchored in "Rum Row" was fit for beverage purposes and intended to be so used.

It is assigned as error that the court did not direct the jury to acquit the defendant "because of the government's failure to show that the liquor was subject to duty and that no duty had been paid on it, as alleged in the third count of the indictment"; also that the court did not grant the defendant's motion in arrest of judgment "on the ground that the third count of the indictment failed to set forth any offense under the section alleged, namely, section 593 of the Tariff Act of 1922" (42 Stat. 982).

Section 593 (b), so far as material, is as follows:

"If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years or both."

The allegation in the third count is that the alcohol was so imported or brought into the United States "without the payment of the lawful revenue due the United States."

[5] By Schedule 8, section 1, title I, of the Tariff Act of 1922 (Comp. Stat. Ann. Supp. 1923, § 5841a), a duty is imposed upon spirits, wines and other beverages which are imported from a foreign country. Although their importation is forbidden by law, Congress had the power to impose this duty. United States v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 67 L. Ed. 358; United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Cahill (C. C. A.) 13 F.(2d) 83, 85.

[6] It was necessary, in order to sustain a conviction under the third count, to show that the alcohol came from a foreign port, because duties are laid only upon articles imported from foreign countries into the United States.

By the Act of September 21, 1922, c. 356 (C. S. § 5841a), the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list included in the act, are to be "levied, collected, and paid upon all articles when imported from any foreign country into the United States or into any of its possessions."

There was no evidence that the containers of this alcohol bore any marks or labels showing it to be of foreign manufacture, nor was there any evidence that it came from any foreign country. There was an entire absence of evidence as to where it was produced, nor could any reasonable inference be drawn, from the fact that it was obtained from a schooner thirty miles out to sea—although anchored in Rum Row—that it came from a foreign country.

We do not think it can be said that it is a matter of common knowledge, and so not requiring proof, that all the vessels anchored in Rum Row are loaded with liquors from foreign countries. In a criminal case, where the liberty of a citizen is at stake, the jury should not rest its verdict upon conjecture or suspicion.

There was error in the refusal of the court to direct the jury to return a verdict of not guilty under this count. The verdict of the jury was, "Guilty of all three counts."

Under section 29 of title 2 of the National Prohibition Act (Comp. St. § 10138½p) the penalty for first offense of transportation of intoxicating liquors is $500, and the same penalty is imposed for the offense of unlawful possession.

The sentence imposed upon the defendant by the court was the payment of a fine of $500 and imprisonment for the term of four months. The verdict returned by the jury was not a general verdict of guilty, but a verdict of "Guilty of all three counts." The defendant was therefore found guilty under the first count and as there was, in our opinion, sufficient evidence to sustain this verdict and insufficient to sustain the third, while the second count, charging possession, was merged in the first, we have reached the conclusion that the judgment of the District Court should be reversed, and the case remanded to that court, in order that the defendant may be resentenced upon the verdict of guilty returned under the first count; and it is so ordered.

The judgment of the District Court is vacated, the verdict on counts 2 and 3 is set aside, and the case is remanded to that court, with directions to sentence the defendant under the first count.

ANDERSON, Circuit Judge, dissents, on the ground that the evidence that the liquor was obtained from a schooner anchored 30 miles out at sea warranted the jury in finding it of foreign origin.