## GENERAL MOTORS ACCEPTANCE CORPORATION v. UNITED STATES.

Circuit Court of Appeals, First Circuit. October 27, 1927.

No. 2147.

Customs duties ⚖️133(6)—Evidence held to show probable cause for suit to forfeit automobile used in carrying smuggled liquor (19 USCA §§ 482, 483; Tariff Act 1922, § 615 [19 USCA § 525]).

Evidence of the finding of smuggled liquor subject to duty in an automobile *held* sufficient to establish probable cause for institution of suit for forfeiture of the vehicle, under Rev. St. §§ 3061, 3062 (19 USCA §§ 482, 483), and to cast the burden of proof on a claimant thereof, under Tariff Act 1922, § 615 (19 USCA § 525).

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Libel by the United States against one Buick automobile, with the General Motors Acceptance Corporation as intervening claimant. From a judgment of forfeiture, intervener appeals. Affirmed.

William F. Byrne, of Milford, Mass. (Tyler, Eames, Wright & Hooper, of Boston, Mass., on the brief), for appellant.

Ellen L. Buckley, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a judgment of the District Court for Massachusetts, sustaining a libel of information brought by the United States to enforce the forfeiture of a Buick automobile. As the proceeding is an action at law, in which an appeal does not lie, we treat it as though the case were here on writ of error. 43 Stat. 941, § 10 (28 USCA § 861; Comp. St. § 1649b).

The libel charges that on or about the 13th day of November, 1926, the automobile was duly seized at Dennisport, in said district, by an officer of the United States Coast Guard as forfeited to the United States, and is now at Boston, in said district, in the custody of the collector of customs as forfeited to the United States, in that "on or about the 13th day of November, 1926, there was unlawfully on, about, in or upon, and concealed on, about, in and upon said automobile certain merchandise, to wit, one sack of Buchanan's white label Scotch whisky, marked 'S. W.,' which said merchandise was subject to customs duties due the United States, and which said merchandise had, on or about said day, at said Dennisport, been fraudulently and clandestinely imported and introduced into the United States without payment of customs duties due to be paid thereon, and the United States was thereby defrauded."

The General Motors Acceptance Corporation appeared as claimant and filed an answer. It admitted the seizure by the officer of the Coast Guard; denied that any liquors were found on the automobile, and that the liquors seized had been fraudulently and clandestinely imported and introduced into the United States without payment of customs duties due thereon; and, further answering, it set out its title to the car under a conditional sale contract to one White, all the payments on which had not been met, and alleged that it did not know, or have reason to know, that the automobile was being used by White, or anybody in his behalf, in violation of the customs laws.

At the close of all the evidence the claimant filed a motion requesting the dismissal

of the libel and the return of the automobile. The motion was denied, and the claimant excepted.

The District Court found that the liquor was found on the automobile, that it was foreign liquor, that it was imported illegally, and entered a judgment of forfeiture. The claimant excepted to these findings and rulings, but the only assignment of error is to the denial of its motion to dismiss the libel. This assignment is insufficient, as it fails to set out the error of the court, if any, in the denial of the motion upon which it relies. Rule 11 of this court.

The claimant, however, has argued its case as though the error assigned and relied upon was that the government had failed to show probable cause for instituting the proceeding against the automobile and we consider the case from this standpoint.

Section 615 of the Tariff Act of 1922 (19 USCA § 525) provides: "In all suits or actions brought for the forfeiture of any * * * vehicle, * * * seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant: *. * * Provided, that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court."

The provisions of law under which the libel was brought are sections 3061 and 3062 of the Revised Statutes (19 USCA §§ 482, 483), which subject to seizure and forfeiture any vehicle on or about which there shall be found any merchandise subject to duty, or to have been unlawfully introduced into the United States, whether introduced in or upon the vehicle or otherwise. United States v. Cahill (C. C. A.) 13 F.(2d) 83, 84.

The question, therefore, is: Was there evidence from which the court might find probable cause to believe that the liquor was found upon the automobile and that it was imported in violation of title 1, § 1, and Schedule 8, par. 802, of the Tariff Act of 1922 (42 Stat. pp. 858, 897 [19 USCA § 121]), imposing a duty on brandy and other spirits imported from a foreign country into the United States?

The government's evidence tended to prove that an officer of the Coast Guard, on the night of November 13, 1926, while on the beach at Dennisport, had his attention drawn to a small boat nearby, and then observed a larger boat further out; that in following the smaller boat, to see where it landed, he came in sight of the Buick car in question; that he concealed himself to await developments; that while thus concealed he observed two men walking up from the small boat to the car; that a man got out of the car and returned with them to the beach; that during this time the large boat came up and dropped anchor; that he saw the small boat go over to the large one, and heard a noise that sounded like a transfer of cargo; that the small boat returned to within 40 feet of the beach; that then another car came, from which two men got out and walked to the beach; that after the men had reconnoitered the beach they returned and began unloading the small boat; that two of the men came up from the shore with sacks on their shoulders, one of whom went to the Buick car; that two other men with sacks followed them, but on observing the Coast Guard gave an alarm and ran, dropping the sacks; that the Coast Guard went to the Buick car and found on it a sack of liquor marked "S. W."; that he opened the sack and took out a bottle; that he and a friend who was with him carried up from the beach a few cases of the whisky; that when aid arrived they seized the large boat, which proved to be a sloop containing liquors marked the same as that found on the Buick; that the Coast Guard marked the sack for identification; that the label on the bottle taken from the sack read, "John and James Buchanan's White Label Old Whisky, Scotch Whisky, Glasgow, Scotland"; that he delivered the liquor and the car to the customs officers; that he arrived at Dennisport at 9:15 in the evening, and that approximately four hours elapsed between the time he first saw the men unloading liquor and the time he got assistance; that in the meantime he was busy holding the large boat by firing shots.

The only evidence introduced by the claimant was given by the witness Werner, who testified that, on the night of November 13, he was in the neighborhood of Dennisport; that he went there in the Buick car to help transport liquor that was to be landed there that night; that he was there when the boat arrived; that no liquor was placed on the shore or on the Buick car; that he saw the car all the evening, and at no time during the evening did he take anything to it.

The evidence introduced by the government clearly warranted the District Court in finding probable cause for bringing the libel (section 615), and cast the burden of proof upon the claimant to show all facts essential to relieve the automobile from for-

feiture. This it failed to do. Vincent v. United States (C. C. A.) 19 F.(2d) 344, 346; United States v. Cahill (C. C. A.) 13 F.(2d) 83; Brown v. United States (C. C. A.) 16 F.(2d) 682.

Had the burden of proof been upon the government, the evidence was sufficient to support the findings made.

The judgment of the District Court is affirmed.