## UNITED STATES v. KINZO ICHIKI.
### No. 424-M.

District Court, S. D. California, S. D.
Oct. 20, 1930.

Samuel W. McNabb, U. S. Atty., and Gwyn S. Redwine, Asst. U. S. Atty., both of Los Angeles, Cal.

W. H. Wylie and H. P. L. Beck, both of San Diego, Cal., for defendant.

JACOBS, District Judge.

The defendant above named was indicted by the grand jury on the 7th day of March, 1930, charged with a violation of section 144, title 8, USCA. The indictment charges two counts. The first charges that the defendant on or about the 15th day of February, 1930, did willfully and unlawfully bring into and attempt to bring into the United States one certain Japanese person, to wit, Hichizo Ichiki, an alien; the second count charges him with unlawfully harboring and concealing said Japanese.

At the conclusion of the trial of the case, the court dismissed the first charge for insufficient evidence and the jury returned a verdict of guilty against the defendant of harboring and concealing.

The defendant thereupon presented a motion in arrest of judgment upon the ground that the statute, section 144, title 8, USCA, did not provide any penalty for the offense of concealing and harboring an alien.

The statute reads as follows:

"Any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor or attempt to conceal or harbor, or assist or abet another to conceal or harbor, in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years for each and every alien so landed or brought in or attempted to be landed or brought in."

It will be noted that the penalty provided runs only against the defendant for each and every alien so landed or brought in or attempted to be landed or brought in.

In the case of Whitworth v. United States, 114 F. 302, 304, Circuit Judge Sanborn of the Court of Appeals, Eighth Circuit, said:

"In the national courts a judgment in a criminal case must conform strictly to the act of congress which authorizes it. Any departure from the statute in the extent or character of the punishment adjudged constitutes an error which is fatal to the judgment"—citing a number of cases.

In the case of the United States v. Niroku Komai et al. (D. C.) 286 F. 450, 451, Judge Trippet in commenting upon this statute said:

"It is plain that section 8 provides no penalty for the misdemeanor defined therein of concealing or harboring an alien. The penalty only relates to bringing in or landing in the United States the alien. There is not even any ambiguity in the statute on this subject."

In re Bonner, 151 U. S. 256, 14 S. Ct. 323, 325, 38 L. Ed. 149; Mr. Justice Field used this language:

"We are unable to agree with the learned counsel, but are of opinion that, in all cases where life or liberty is affected by its proceedings, the court must keep strictly within the limits of the law authorizing it to take jurisdiction, and to try the case, and to render judgment. It cannot pass beyond those limits, in any essential requirement in either stage of these proceedings; and its authority in those particulars is not to be enlarged by any mere inferences from the law, or doubtful construction of its terms."

If Congress had intended to impose the penalty mentioned in the statute for the harboring or concealing of an alien, it could readily have done so by omitting from the statute the words, "for each and every alien so landed or brought in or attempted to be landed or brought in."

This may have been an oversight on the part of Congress, but the fact remains that by inserting this language in the statute, they have limited the penalty to bringing in or landing an alien in the United States.

From the rules of construction of criminal statutes, I am forced to conclude that the court is without authority to enlarge or extend the meaning of the language of this act.

The motion in arrest of judgment is granted.