## INGRAFFIA v. KEVILLE, Marshal.

### No. 2731.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for appellant.

Haven Parker, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

Early in 1932 the appellant, Mario Ingraffia, together with some thirteen other individuals, was indicted in the federal District Court for the Western District of Missouri charged with having, in the St. Joseph Division of the Western District of Missouri, at St. Joseph, Buchanan county, and at other places (naming them), on or about the 7th day of November, 1927, and continuing thereafter unlawfully, willfully, and feloniously conspired among themselves and with each other to commit offenses against the laws of the United States.

Thereafter and on the 16th day of March, 1932, the appellant was arrested in the District of Massachusetts for removal to the Western District of Missouri and was later brought before a United States Commissioner for the District of Massachusetts for hearing. At the hearing the government offered in evidence a copy of the indictment and other evidence. The evidence offered by the defendant (appellant) was his own testimony. What the evidence was outside the indictment that the government introduced or what the defendant testified to is not reported, and the allegations of the appellant in the petition for writ of habeas corpus as to what his testimony was is not admitted in the answer, but denied.

The Commissioner found as facts that the defendant, the appellant here, was the person named in the indictment; that there was probable cause for his removal; and that, since the filing of the complaint for removal, the appellant had been arrested on an indictment for another offense committed in the District of Massachusetts, which indictment was then pending therein; and, on June 28, 1932, entered the following order: "I order his removal to the United States District Court now or next holden for the Western District of Missouri, as provided by law, and order said defendant to appear at said District Court now or next holden at St. Joseph in said District. I further order that said defendant recognize with surety in the principal sum of five thousand (5,000) dollars for his appearance as aforesaid; that in default of said recognizance said defendant be remanded to the custody of the United States marshal for this District, to be removed as aforesaid, as provided by law."

On June 28, 1932, a petition for removal of the appellant was filed in the Massachusetts District Court. On the same day a petition for writ of habeas corpus was also filed in that court. Both petitions were heard together. The petition for removal was allowed by the court. The petition for writ of habeas corpus was dismissed. The order of removal, however, was stayed pending an appeal from the order dismissing the petition for writ of habeas corpus, which appeal is the matter now before this court.

The errors assigned are that the District Court erred: (1) In denying the application for writ of habeas corpus; (2) in granting the petition for removal; (3) in holding that the indictment set forth an offense against the United States; (4) in holding that where a defendant has taken the witness stand and testified, offering evidence to more than a categorical denial of the charges, the indictment amounts to something more than a presumption and does not require the United

States to proceed with evidence of probable cause; and (5) in ordering the petitioner removed in view of the fact that he was under bail awaiting trial on an indictment in the Massachusetts District.

The first assignment is insufficient as it fails to set out the error of the court, if any, in the denial of the motion upon which the appellant relies. General Motors Acceptance Corp. v. United States (C. C. A.) 22 F.(2d) 109, 110.

By the second assignment the appellant complains that the court erred in granting the order of removal. This assignment, like the first, is insufficient as it fails to state in what the error of the court in granting the order consists. Furthermore, it does not appear that the District Court had authorized the appellant's removal at the time the petition for writ of habeas corpus was heard and denied. So far as the record shows, the hearings and orders entered in both matters were concurrent. Unless the order of removal was entered before the petition for writ of habeas corpus was dismissed, the dismissal of that petition was not error, for it could not have related to the order of removal. But as it is evident that the appellant desires to test the validity of the order of removal on the grounds assigned in the third, fourth, and fifth assignments of error, we assume for the purposes of this case that the order dismissing the petition for writ of habeas corpus was entered after the order of removal was granted and that the appellant is held by the marshal under the court's order and warrant of removal. With these assumptions we proceed to consider the remaining assignments of error.

The District Court did not err in holding that the indictment returned against the petitioner in the Western District of Missouri sufficiently set forth an offense against the United States. As above stated, the indictment charged the appellant and some thirteen other individuals (naming them) in St. Joseph Division of the Western District of Missouri, at St. Joseph, Buchanan county, Mo., and other places named, on or about the 7th day of November, 1927, and continuously thereafter, with having confederated and agreed among themselves and with each other to commit offenses against the laws of the United States (naming the provisions of the law claimed to be violated) "in this, that the said defendants would manufacture, possess, sell, store and transport intoxicating liquor fit and intended for use as a beverage, and that they, the said defendants would recover and attempt to recover alcohol by a process and means commonly known as 'cracking' and later by redistillation of the 'cracked' product, and in a manner not provided for by regulation, which alcohol had previously been rendered unfit for beverage purposes under regulations issued by the United States Government; that is to say, to recover alcohol from denatured alcoholic products by removing the denaturants so as to leave as a resultant product, an undenatured and potable alcohol, and to wilfully and knowingly sell and otherwise dispose of the alcohol so redistilled and recovered. * * * That it was a part of said conspiracy that denatured alcohol should be procured from the Forest City Paint and Varnish Company of Cleveland, Ohio, and by the employees of said Forest City Paint and Varnish Company, be shipped and caused to be shipped from Cleveland, Ohio, to Newark, New Jersey, and to New York City, New York, and to other places * * * unknown, and that said denatured alcohol should from those places be distributed generally to purchasers, with the intention that said denatured alcohol would be reclaimed and made potable in violation of law; and it was further a part of said conspiracy that there should be shipped from Newark, New Jersey, to a fictitious consignee, to wit, the Frank Webb Company, of St. Joseph, Missouri, 105 drums containing approximately 52 gallons each of said denatured alcohol, and that said denatured alcohol, after its delivery in St. Joseph, Missouri, would by certain processes of 'cracking' and redistillation, be made into potable alcohol, and then transformed into alleged whiskey and gin and transported, sold, stored and bartered in St. Joseph, Missouri, and vicinity, for beverage purposes, by said defendants."

It was further charged that the appellant and the other thirteen conspirators named "during the continuance of said conspiracy, and pursuant to said unlawful conspiracy, combination, confederation and agreement, and to effect the object and purpose of the same, did commit certain overt acts, which said overt acts are specifically as follows:" It then specifies some twenty-nine acts, the last thirteen of which are alleged to have been committed at St. Joseph, Mo.

We fail to see wherein the allegations of the indictment did not adequately charge a crime. Even if the facts stated in the indictment bearing upon the jurisdiction of the District Court for the Western District of Missouri could be said to be of a doubtful and disputable nature, and the facts alleged

bearing on the crime charged to be also of a doubtful and disputable nature, nevertheless it would be the duty of the court to which application is made to order removal; for the determination of doubtful issues of law and fact in a proceeding of this kind is for the trial court to which the removal is sought. Indeed, it is the duty of the court to order removal unless the facts averred in the indictment, taken to be true, obviously and palpably fail to establish that an offense against the United States is charged, or fail to show that the court to which removal is sought has jurisdiction, or that there is probable cause to believe that the defendant has committed the offense with which he is charged. Fitzgerald v. United States (C. C. A.) 6 F.(2d) 156, 157; Stallings v. Splain, 253 U. S. 339, 40 S. Ct. 537, 64 L. Ed. 940; Morse v. United States, 267 U. S. 80, 82–86, 45 S. Ct. 209, 69 L. Ed. 522; Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. Ed. 1113.

It cannot be said in this case that the facts averred in the indictment, taken as true, fail to establish that an offense against the United States is charged, or fail to show that the court to which removal is sought has jurisdiction, or to show probable cause to believe that the defendant has committed the offense charged.

■ Moreover, there is no basis whatever in this record for the fourth assignment of error. It does not appear what evidence was introduced before the District Court and, in its absence, we cannot say that probable cause was not shown. In this situation it must be assumed that the evidence before the court was adequate to warrant the finding of all the facts essential to the order. See, also, Magnus v. Keville (C. C. A.) 6 F.(2d) 157, 158; Beavers v. Haubert, 198 U. S. 77, 90, 25 S. Ct. 573, 49 L. Ed. 950.

■ The fifth or remaining assignment questions the validity of the order of removal in view of the admission in the pleadings that the appellant was under bail awaiting trial on an indictment found against him in the District of Massachusetts. It appears that the district attorney for the District of Massachusetts filed the petition requesting the removal of the appellant to the Western District of Missouri; that the District Court entered the order of removal; and this action on the part of the district attorney and the court was taken with full knowledge of the pendency of the indictment in the District of Massachusetts. The appellant cannot for this reason question the validity of the order. The government, with the consent of the court, had the right to elect whether to proceed first against the defendant in the District of Massachusetts or in the Western District of Missouri. Beavers v. Haubert, 198 U. S. 77, 85, 86, 25 S. Ct. 573, 49 L. Ed. 950.

■ This disposes of the questions raised by the assignments of error. It may not, however, be amiss to say that the order of the Commissioner above set out requiring the removal of the appellant to "the United States District Court now or next holden for the Western District of Missouri, as provided by law" is too broad and exceeded his powers, unless the words "as provided by law" can be construed to mean that removal was to be had only after obtaining an order and warrant from the District Court. See Hastings v. Murchie (C. C. A.) 219 F. 83. See, also, Magnus v. Keville, supra, where the order read, in part, "and ordered the petitioner committed to the custody of the marshal to await an order of removal to the District of Vermont for trial."

The order of the District Court dismissing the petition for writ of habeas corpus is affirmed.