## MEDEIROS v. KEVILLE.

### No. 2746.

Circuit Court of Appeals, First Circuit.

Jan. 31, 1933.

188

William H. Lewis, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

May 25, 1932, the appellant, Mary A. Medeiros, with four other persons was indicted in the federal District Court for the Middle District of Pennsylvania. In the first count she is charged with having, on or about October 8, 1931, at Scranton in the Middle District of Pennsylvania, unlawfully concealed a certain alien, to wit, Antonio Dantes or Dantos, alias Antone P. Liete, who was not entitled to enter or reside within the United States; in the second count with attempting to conceal said alien; in the third with unlawfully harboring the alien; and in the fourth with unlawfully attempting to harbor him. The fifth, sixth, seventh, and eighth counts are respectively like counts 1, 2, 3, and 4, except that the time in question is "on or about March 2, 1932," and the alien named is Antonia Alves Taleia. The ninth, tenth, eleventh, and twelfth counts are like counts 1, 2, 3, and 4, except that the time alleged is on or about May 22, 1931, and the alien named is Alfredo Antimes, alias Antonio Autunes. The thirteenth, fourteenth, fif-teenth, and sixteenth counts are of the same character.

The seventeenth count charged the appellant and the four other defendants with having, on or about July 1, 1930, conspired to commit the offense of making a false oath or statement in an application or affidavit for a permit for an alien to re-enter the United States, in violation of chapter 190, section 22 of the Immigration Act of May 26, 1924 (43 Stat. 165, USCA, title 8, section 220).

The eighteenth count charged the appellant and the other defendants named with, on or about July 30, 1930, having conspired to commit the offense of concealing, attempting to conceal, harboring, and attempting to harbor certain aliens at Scranton in the Middle District of Pennsylvania, in violation of section 8 of the Immigration Act of February 5, 1917 (39 Stat. 880, USCA, title 8, section 144).

Thereafter the appellant was arrested in the District of Massachusetts and brought before a United States commissioner for removal to the Middle District of Pennsylvania as a fugitive from justice. At a hearing before the commissioner the government presented a certified copy of the indictment and evidence showing that the party arrested was the person named in the indictment. The appellant offered no evidence. The commissioner found the appellant was the person named in the indictment and probable cause for her removal for trial. He thereupon ordered that she recognize in the sum of $3,000 for her appearance before the District Court for the Middle District of Pennsylvania and, in default thereof, that she be remanded to the custody of the United States marshal for the District of Massachusetts to be removed as provided by law. The petitioner having refused to recognize was remanded to the custody of the marshal and thereupon brought petition for a writ of habeas corpus seeking her release.

A hearing was had before the District Court on August 10, 1932, at which time it was ordered that the petition be dismissed and the writ denied. It is from this order or decree that this appeal is taken.

██ Of the errors assigned the only one relied upon is that the commissioner and court erred in holding that the indictment set forth an offense against the United States.

The statute under which the first sixteen counts are brought is section 8 of the Immigration Act of February 5, 1917 (39 Stat.

880, 8 USCA § 144), which reads as follows: "Sec. 8. Any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor or attempt to conceal or harbor, or assist or abet another to conceal or harbor, in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years for each and every alien so landed or brought in or attempted to be landed or brought in."

As to the first sixteen counts the appellant's contention is that the above statute does not impose a penalty for concealing or haboring; or attempting to conceal or harbor an alien not lawfully entitled to enter or reside within the United States and that for this reason these sixteen counts do not set forth an offense against the United States. In support of this contention counsel rely on two cases from the District Court of California. United States v. Niroku Komai et al., 286 F. 450, and United States v. Kinzo Ichiki, 43 F.(2d) 1007. We, however, are not inclined to follow these decisions for the reasons hereafter given.

The provision of law in force immediately preceding the enactment of section 8 of the Immigration Act of February 5, 1917 (8 USCA § 144), was section 8 of chapter 1134 of the Immigration Act of 1907 (34 Stat. 900), which reads: "Sec. 8. That any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or who shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter the United States shall be deemed guilty of a misdemeanor, and shall, on conviction, be punished by a fine not exceeding one thousand dollars, or by imprisonment for a term not exceeding two years, or by both such fine and imprisonment for each and every alien so landed or brought in or attempted to be landed or brought in."

Section 8 of the act of 1917, when com-

pared with section 8 of the act of 1907, discloses that the material change introduced by Congress in the act of 1917 was the enlargement of the fine from one thousand to two thousand dollars and the term of imprisonment from two to five years, and, instead of leaving it optional with the court to impose fine or imprisonment or both, made it mandatory upon the court to impose fine and imprisonment. The only new matter inserted in section 8 of the act of 1917 is the clause reading: "or shall conceal or harbor or attempt to conceal or harbor, or assist or abet another to conceal or harbor, in any place, including any building, vessel, railway car, conveyance, or vehicle."

It is this new matter inserted in section 8 of the act of 1917 that is the basis of the offenses charged in the first sixteen counts of the indictment and as to which the appellant contends that no penalty is imposed by section 8 of the act of 1917. Her contention is that the last clause of that section reading "for each and every alien so landed or brought in or attempted to be landed or brought in" is a clause of limitation and restricts the broad power of the court previously given as to the imposition of sentence to imposing sentence for offenses consisting in bringing in or landing an alien in the United States or attempting to do so.

We think that is not a correct view of this section of the act. The last clause of section 8 is not one limiting the power of the court in the imposition of sentence, but one increasing or adding to its power in case the provisions of the section relating to bringing in or landing of aliens in the United States are violated by the bringing or landing of more than one alien at the same time. It has nothing to do with the provisions of the section conferring power on the court to impose sentence in case of concealment or harboring. The section is definite that for such violation the person offending "shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years."

In Serentino v. United States, 36 F.(2d) 871, 872, this court had under consideration section 8 of the act of 1917, and particularly the last clause of that section. In that case the defendants were charged with bringing into the United States eleven aliens at one time and the landing of such aliens. The evidence showed that they brought in and landed ten aliens. It was held that, inasmuch as the counts charged the bringing in of

eleven aliens at one time, each count charged a single offense under the act, and that the court, having determined the punishment to be imposed for the bringing in of a single alien, must increase that punishment by the number of aliens unlawfully brought in or landed. It was there said: "As count 1 alleges a single act or transaction in violation of law, the bringing in of eleven aliens at one time, we are convinced that it charges a single offense; and that count 2 does likewise. But, notwithstanding each of these two counts charges a single offense, we are also of the opinion that, under the provision of section 8 of the Immigration Act of 1917 [8 USCA § 144], the District Court, having determined the minimum punishment it would impose for the bringing in of a single alien, was required to impose a sentence increased by the number of aliens found to have been unlawfully brought in or landed, according as the offense charged was the bringing in or landing of aliens; for the act expressly provides that the offender 'upon conviction thereof shall be punished by a fine * * * and by imprisonment for a term not exceeding five years, for *each* and *every alien* so landed or brought in.'"

In other words, we there held that what Congress intended by the penalty provisions of section 8 of the act of 1917 was the same as if they read: "shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years [and] for each and every alien so landed or brought in or attempted to be landed or brought in [at one time, the court having determined the punishment to be imposed for the bringing in of a single alien, shall increase the punishment by the additional number of aliens unlawfully brought in or landed.]"

The appellant's contention with reference to the eighteenth count charging the defendants with conspiring to commit the substantive offenses charged in counts 1, 2, 3, and 4, is that it sets forth no overt act in the Middle District of Pennsylvania; that, under that count, the first overt act does not state where it was committed; that the second, third, and fourth overt acts are each alleged to have been committed in the state of Massachusetts; and that the fifth overt act does not state where it took place; and that, inasmuch as under this count no overt act is alleged to have taken place in the Middle District of Pennsylvania, it does not set forth an offense of which the federal District Court

for the Middle District of Pennsylvania has jurisdiction.

It is true that the second, third, and fourth overt acts are charged to have been committed in Massachusetts and not at Scranton in the Middle District of Pennsylvania, and that the allegations of overt acts 1 and 5 do not specify where they took place, but the fair inference from the allegations of 1 and 5 is that they took place at Scranton in the Middle District of Pennsylvania and, should the proof so establish, we fail to see wherein the District Court for the Middle District of Pennsylvania would not have jurisdiction of the offense charged in count 18, even if the appellant's contention that the place where the overt act is committed is the only one where a federal court would have jurisdiction of the offense were sound.

But the eighteenth count charges that the conspiracy was formed at Scranton in the Middle District of Pennsylvania. This being so, the District Court for the Middle District of Pennsylvania would have jurisdiction and would be a proper place for the trial of the offense, even though all the alleged overt acts were committed in the District of Massachusetts. Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136.

In Hyde v. United States, supra, it was held, as the appellant contends, that the crime of conspiracy is not complete until the commission of the overt act, but it was further pointed out (page 360 of 225 U. S., 32 S. Ct. 793, 799, 56 L. Ed. 1114, Ann. Cas. 1914A, 614) that "if the unlawful combination and the overt act constitute the offense, * * * marking its beginning and its execution or a step to its execution, § 731 of the Revised Statutes (28 USCA § 103) must be applied. That section provides that 'when any offense against the United States is begun in one judicial circuit and completed in another it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined and punished in either district, in the same manner as if it had been actually and wholly committed therein.'"

The question in that case was (page 357 of 225 U. S., 32 S. Ct. 793, 798, 56 L. Ed. 1114, Ann. Cas. 1914A, 614) whether in conspiracy cases "it [the venue] must be at the place where the conspiracy is entered into, or whether it may be at the place where

the overt act is performed"; and it was held that it may be at the place where the overt act is performed, not that it must be; for it was there pointed out that the venue may be laid either where the conspiracy is entered into or where the overt act is performed.

If it were doubtful whether each and every one of the first sixteen counts stated an offense, or whether the eighteenth count charged a crime of which the District Court for the Middle District of Pennsylvania had jurisdiction, it would still be our duty to affirm the order of removal, for the determination of doubtful issues of law or fact in a proceeding of this kind is for the court to which the removal is sought. Mario Ingraffia v. Keville, 62 F.(2d) 301, decided by this court December 17, 1932, and cases there cited.

We do not find it necessary to consider whether the seventeenth count does or does not charge an offense against the United States.

The order or decree of the District Court dismissing the petition and ordering the appellant removed to the Middle District of Pennsylvania is affirmed.