**UNITED STATES v. WHITE et al.**

No. 18944.

District Court, S. D. California,

Central Division.

Nov. 12, 1946.

On Conspiracy Nov. 26, 1946.

James M. Carter, U. S. Atty., of Los Angeles, Cal., and Walter S. Binns, Asst. U. S. Atty., of Los Angeles, for plaintiff.

G. William Shea, of Washington, D. C., for defendant.

HALL, District Judge.

On October 2, 1946, the defendants were indicted (No. 18908) for harboring aliens under 8 U.S.C.A. § 144. Upon motion the court dismissed the indictment on the ground that while the section prohibited the acts charged, it provided no punishment and hence no offense could be stated. United States v. Kinzo Ichiki, D.C.1930, 43 F.2d 1007; United States v. Niroku Komai, D.C.1923, 286 F. 450. The defendants were then indicted (No. 18944) on October 15, 1946, on three counts: the first count charging a conspiracy to violate 18 U.S.C.A. § 80; and the second count charging substantive offenses under 18 U.S.C.A. § 80, in that the defendants, "did knowingly and wilfully conceal and cover up by trick, scheme, and device, and aid in concealing and covering up by trick, scheme, and device, a material fact, namely, the whereabouts of fifty-one Mexican aliens illegally in the United States, in a matter within the jurisdiction of the United States Immigration and Naturalization Service of the United States Department of Justice, namely, the matter of the detection and apprehension of aliens illegally in the United States, by placing said Mexican aliens in a closed and covered van, by locking the door of said van, by transporting said aliens in said closed and locked van in the nighttime, by instructing said aliens, and by causing them to avoid passing through a town where their detection and apprehension by the United States Immigration and Naturalization Service was likely to occur." The third count charging under the same section that the defendants Steve White and A. C. Dunham "did knowingly and wilfully make and cause to be made, and aid in making and causing to be made, a false statement and representation in a matter within the jurisdiction of the Immigration and Naturalization Service of the United States Department of Justice, namely, the matter of the detection and apprehension of aliens illegally in the United States, in that the defendants did knowingly and wilfully state and represent to California State Highway Patrol Officers Wesley A. Pomeroy and F. N. Brown that the van being pulled by a truck operated by the defendants was empty and that they had just taken a load of furniture to a cotton ranch at Needles, California, whereas, in truth, as the defendants well knew, said van contained forty-nine Mexican aliens illegally in the United States."

The defendants filed a Motion To Dismiss, upon which the court ruled as follows:

In the matter of United States v. Steve White and A. C. Dunham, I have examined the briefs but I have not had time to reduce my thoughts to writing. However, I think they are more or less clear in outline in my mind.

United States v. Gilliland et al., 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, is the only Supreme Court case which involved a construction of the 1934 amendment to Sec. 80, Title 18 U.S.C.A. Under the ruling in that case the 1934 amendment was held to be broad enough to include matters which did not involve any actual or attempted monetary loss to the Government.

But in that case as in all of the other cases where that same construction of the Act has been followed, it is noted that the statement was made directly to an official of the Government charged with the responsibility of administering or enforcing the particular law involved. In the Gilli-

land case the Secretary of the Interior was charged by the "Hot Oil" bill with the matter of administering the transportation of oil in interstate commerce. The statements involved were in documentary form and were made directly to one of the sub-agencies of the Department of the Interior charged with the responsibility of the administration of that Act.

In the case of Spivey v. United States, 5 Cir., 109 F.2d 181, for instance, which was prior to the Gilliland case, the Court held the statute was not limited to monetary claims against the Government, but extended the scope of Sec. 80 to statements made in negotiation with and directed to an agency of the Government charged with the administration of an act or a particular function.

The term "jurisdiction" as used in Section 80 is, of course, a different term than "jurisdiction" as used in connection with courts. The word "jurisdiction" is synonymous with the word "power", that is, the power to act. I think as it is used in Section 80 and as it is used in Title 8 U.S.C.A. § 131, conferring upon the Department of Justice "jurisdiction" concerning aliens and the matter of naturalization and the like, it means, as among the different agencies and departments of the Government, that the Department of Justice, and no other Department shall have power to investigate and to do the other things required or permitted of it by Title 8 U.S.C.A. § 131 et seq. That is to say, the Department of the Interior could not go out and investigate or make arrests or hold hearings concerning the matter of aliens, nor could the Treasury Department or the Department of Agriculture, or the Navy Department, nor any other Department. So, as between the different agencies of the Government, I think that term as used means that jurisdiction is the power of that particular agency to administer and enforce the law.

That points up the proposition that the deception which is condemned by the statute—and deception is what the statute condemns—must be practiced upon the particular department or agency involved. For instance, if a person would make a statement to the Department of the Interior concerning his alienage or the date of his birth or the fact that he arrived in the country on a certain date, or something like that, although he might commit a violation of the law with relation to some Act that the Department of the Interior was charged with enforcing, I certainly do not think that would be such a deception as would carve out the crime of deceiving the Department of Justice within the concept of the term as used in Section 80.

I do not think the statute can be stretched to cover a deception of a state police officer or any state agency or of an individual person in connection with the administration or enforcement of any of the laws of the Government of the United States. If it can be stretched to cover deception that is practiced upon a state policeman, then it can be stretched to cover any deception or false statement made, for instance to an inquisitive neighbor or friend or business associate concerning your citizenship, or your income, or any of the almost innumerable facts of life which are now regulated by—and thus within the "jurisdiction" of some department or agency of the Government.

For instance, if in a conversation with a brother lawyer one should deliberately misstate his income for last year, one would be guilty of a crime because the investigation of violations of the income tax law is under the "jurisdiction" of the Bureau of Internal Revenue. And you can carry it further. You can get it down to where if one lied to a neighbor or friend about one's age, or actual residence on a particular street, it would be a crime for making a false statement in connection with a matter within the "jurisdiction" of some department of the Government, because certain agencies of the Government are charged with enforcement of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and the age and residence of male persons are material facts in connection with the administration of that law. Examples can be multiplied.

The 1934 Amendment to Sec. 80 cannot be stretched that far. In other words, a thing comes within the "jurisdic-

tion" of a department or agency charged with the duty to enforce a particular law, when somebody attempts to practice a deception upon that particular agency or one of their members.

I turn now to the indictment and view it in light of these principles.

■ Count 2 states an offense because it charges that the defendants devised a trick to conceal the whereabouts of 51 Mexican aliens in a matter within the jurisdiction of the Immigration and Naturalization Service, namely, "the matter of the detection and apprehension of aliens illegally in the United States, by placing said Mexican aliens in a closed and covered van, by locking the door of said van, by transporting said aliens in said closed and locked van in the night-time. * * *" Therefore, the motion to dismiss as to Count 2 is denied.

■ On Count 3 the motion to dismiss must be, and is, granted on the basis I have heretofore outlined.

### On Conspiracy

■ When I ruled on November 12th, concerning the indictment in this matter, I held that the conspiracy count stated an offense. I have given the matter further consideration, and have come to a contrary conclusion.

Count 1, the conspiracy count, charges that the defendants conspired to violate Sec. 80 of Tit. 18 U.S.C.A. in that they entered into an agreement and conspired to "conceal a material fact by trick, scheme and device within the jurisdiction of the Department of Justice" namely the matter of detecting and apprehending Mexican aliens illegally within the United States.

Nothing is said in the indictment as to what "material fact" they conspired to conceal; nor is anything said as to what the "trick, scheme or device" was and was to be; nothing is said as to what "false statements and representations" they planned to make; and nothing is said as to whom they planned to make such statements or representations.

■ The defendants are entitled to this information in the indictment. It cannot be supplied by inference or implication, nor by the allegations of overt acts alleged to have been made or done in pursuance of the asserted agreement and conspiracy.

Hamner v. United States 5 Cir., 1943, 134 F.2d 592.

Without such information the conspiracy count did not serve on its face for a once in jeopardy plea, nor can the defendants appropriately prepare for trial from such scanty statements which without the information indicated are but conclusions of the pleader. And for the same reasons the defendants have no safeguard against surprise at the trial.

It is no doubt possible that with appropriate facts in existence, a conspiracy to violate Sec. 80 of Title 18 could be alleged, but the indictment as drawn, does not state an offense and the Motion To Dismiss count 1 should be and is granted.